(49 South. 2.)

No. 17,378.

STRAIN v. VICKSBURG, S. & P. RY. CO.

(March 29, 1909.)

1. CARRIERS (§ 286*)—DEPOT PLATFORM—OBSTRUCTION—NEGLIGENCE.

The carrier is not at fault in placing trunks on its platform at a depot, provided a sufficient passageway is left on the platform.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142, 1146; Dec. Dig. § 286.*]

2. CARRIERS (§ 286*)—DEPOT PLATFORM—OBSTRUCTION—NEGLIGENCE.

There was margin or space of 2½ inches on the outer edge of a platform 4 feet 10 inches from the ground.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142, 1146; Dec. Dig. § 286.*]

3. CARRIERS (§ 247*)—CARRIAGE OF PASSENGERS—WAITING PASSENGER—CARE REQUIRED.

Due care must be exercised. The weight of the testimony is to the contrary.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 981–993; Dec. Dig. § 247.*]

4. DANGER APPARENT.

If there was danger, it was open and apparent, easily avoidable.

Two other persons about the time of the accident passed through the passageway provided without meeting with an accident.

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by W. T. Strain against the Vicksburg, Shreveport & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Stubbs, Russell & Theus, for appellant. Otis William Bullock and John Williamson Hawthorn, for appellee.

BREAUX, C. J. This is a suit instituted by plaintiff against defendant for personal injuries received at Ruston at about 2 o'clock upon the afternoon of October 28, 1907.

Plaintiff is a young man, able-bodied and of medium size.

He claims $2,668 damages.

The jury found for plaintiff and allowed him damages in the sum of $450.

Defendant appealed.

Plaintiff answered the appeal, and asked for an increase of the judgment to $1,500.

Plaintiff had left Dodson and caught the early morning train and came to Ruston. He intended to go from Ruston to Simboro. He had a round-trip ticket on the defendant road.

His complaint is that he fell from the platform of the railroad depot.

He averred that the depot was not such as the defendant should have had for the accommodation of its passengers. There were trunks placed on the platform; they obstructed the platform to some extent. They were not placed one on the other, but each trunk was resting on the floor. There was a passageway on the outside of the platform between the end of the trunks and the outer edge of the platform.

After consulting the testimony, we find that

the width of the passageway was 36 inches on the west side of the platform, and narrowed down to about 18 inches at the east end.

Where plaintiff fell, the passageway was about 24 inches in width. Plaintiff stepped toward the waiting room. He was preceded by an acquaintance in whose company he was at the time. On the way to the waiting room, he came to the trunk on the platform through the passageway in question.

The floor of the platform was in fairly good condition.

The platform was about 4 feet 10 inches from the ground.

Plaintiff stepped off or fell off from this platform to the ground against one of the rails of the track.

The track itself was parallel with the depot not far from the gallery or platform.

The trunks obstructed the platform about 5 or 6 feet. They were in height about 3 feet.

Plaintiff did not stumble on any obstruction in the floor of the platform. It never occurred to plaintiff that the place was unsafe before he fell.

Plaintiff, as a witness, testified that there was a slight shiver off of a plank, and when he fell it occurred to him that his foot turned off a little more readily at the edge and he fell; that he did not know that this was worthy of special mention.

Other witnesses testified that there was not even a shiver at the place he fell.

The defense of the railroad company is that it was free from any fault at all; that the plaintiff contributed to his own fall and injury.

Defendant also sets out that there was another way over the platform which plaintiff should have followed on his way to the waiting room.

The passageway:

It was not so narrow as to be dangerous. Two feet in width was not a dangerous width to a person passing on a platform not higher from the ground than this one was.

The defendant was not negligent in placing the trunks of its passengers on the platform. There was no reasonable cause for complaint on that ground.

We think that the passageway was wide enough. It is common experience that such a passageway is not dangerous.

We infer that the fall was owing to a moment's forgetfulness.

One of the witnesses testified that he saw plaintiff step beyond the outer edge as he fell.

It is true that the carrier owes protection to its passengers, whether on the train or at the depot waiting for a train. The protection due does not extend so far as rendering it incumbent upon the carrier to provide a larger passageway than two feet or over in width on a platform on which passengers have their trunks.

This accident is not one for which the defendant can be held liable. It does not appear that it was at fault in any way. The mere fact that there were trunks on the gallery would not justify us in allowing damages.

The findings of juries are generally entitled to some weight. But their findings are subject to review, and it follows that they may be at times reversed.

The facts are before us as they were before the jury. These facts do not convince us that the verdict was correct. The amount of itself weakens the verdict, it being only $450. Had the jurors had absolute confidence in their finding, they would in all probability have rendered a judgment for a larger amount. The plaintiff in his fall on the rails of the track broke two of his ribs. He was confined to his bed for two weeks, suffered excruciating pain, was unable to move about for over a month, and to the date of the trial felt some of the effects of the fall.

Had the defendant been guilty of negli-

gence, the amount of the jury's finding would have been entirely inadequate.

We have seen that the railroad company did not fail to provide a sufficient passageway, and that the proximate cause was not traced to the railroad but to the plaintiff himself.

The facts are such that we are constrained to set aside the verdict of the jury.

The law and the evidence being in favor of the defendant, and against plaintiff, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, avoided, annulled, and reversed at plaintiff's costs in both courts.