FRANK A. LEERS, RELATOR, v. HENRY E. DIEHL, CLERK OF THE TOWNSHIP OF TEANECK, RESPONDENT.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the relator, *James S. De Turck.*

For the respondent, *Warner W. Westervelt, Jr.*

PER CURIAM.

The application is based on sections 606, 1101 and 1102 of chapter 113 of the laws of 1923 (*Pamph. L., p.* 217) entitled "An act relating to, regulating and providing for the government of municipalities, except counties, by a municipal council and a municipal manager." It appears without dispute that five separate petitions were submitted to the town clerk, each praying for the removal of a named member of the council; that the clerk, on examining the petitions, decided that they were not signed by the requisite number of electors; and that supplemental or amending petitions were then filed, as a result of which the clerk ascertained there was a sufficient number of signers in each case. However, the clerk refused to proceed on the petitions as provided by section 1102, and thereupon the present rule was allowed requiring him to show cause why he should not be required to notify the various incumbents of the filing of said petitions and send out a call for the recall election contemplated by the statute.

The argument against the rule, as far as we are able to

understand it, is that although it is conceded, or not denied, that the petitions are generally in proper form and contain the necessary signatures of properly qualified electors, the clerk was under no duty to give notice and issue the call unless satisfied that the petitions were "sufficient" to use the word contained in the statute. This argument becomes more intelligible perhaps on stating the second point made, which is the crux of the objection, viz., that the statute requires the petitions to contain "a general statement of the grounds upon which the removal is sought," and that these several petitions do not, nor does any of them contain the statement of grounds required by the statute. When the argument is analyzed, it comes down to this, that the grounds stated are not good grounds for removal.

It seems to be assumed or claimed for the respondent that it is the function of the clerk to decide not merely whether the petitions are sufficiently signed, but also whether the grounds so assigned in them are sufficient; and the case of *Ryer* v. *Holland,* 10 *N. J. Mis. R.* 1039, is relied on as supporting this claim. We find nothing, however, in this case to justify the claim any further than that the clerk is to decide as to the signatures. The question of sufficiency of grounds was not considered at all in that case, and we find nothing in the statute which seems to look towards any such duty on the part of the clerk. It may be, though we do not so decide, that if the petitions should state no grounds whatever, they would be ineffective as requiring the clerk to notify the incumbents and call an election, but this is not the case here.

As to one councilman (Ely) we are informed by the brief of counsel that he resigned after the rule to show cause was signed. On the assumption that this information is correct, he drops out of the case.

As to the other four, a reason assigned for removing each of them is, that "in the opinion" of the signers, "he has not permitted the municipal manager to exercise the full authority of his office within the spirit of the Municipal Manager act." In addition, it was charged against Warner, that "in our opinion he has usurped the authority of his office to his personal interest, and further, he has moved out of the township

of Teaneck and is not an inhabitant thereof;" against Paquin, "he has failed to oppose the introduction of legislation attempting to abrogate the constitutional right of free speech." Morten is further charged with having "sponsored legislation attempting to abrogate the constitutional right of free speech;" and "has been arrogant and autocratic in the performance of his official duties." This last charge is also made against Van Wagner.

A reading of the foregoing grounds satisfies us that while they may be open to criticism in other respects, they are clearly sufficient for the purposes of the statute. That statute has placed the power of recall in the hands of the electorate upon compliance with certain conditions. Whether or not the power of recall is a good thing, is a question for the legislature to decide, as well as the conditions to be satisfied. These petitions have clearly met those conditions and the refusal of the clerk to act upon them was without warrant.

A peremptory writ will be ordered.