LOTTINGER, Judge.
This is a suit brought by Mrs. Ann Elizabeth Spears, wife of James A. Spears, for personal injuries received as the result of an automobile accident which occurred in the Parish of East Baton Rouge on December 24, 1952, at approximately 5 o’clock p. m. She alleges that at the time of the accident she was a guest passenger in the automobile operated by her husband and joined as defendants are the latter’s public liability insurer, Traders and General Insurance Company and General American Casualty Company, public liability insurer of one John Gibson, owner and operator of the other vehicle involved in the accident. The petition sets forth that the accident was caused by the concurrent negligence of both drivers. Negligence is charged against the plaintiff’s husband in the following particulars:
“The insured, James E. Spears, as his automobile approached the point of collision as hereinabove described, without stopping the forward progress of his car took- his eyes momentarily off the highway and this negligence in not keeping a proper lookout was a proximate and contributing cause of the collision between his automobile and the vehicle driven by John Gibson.”
The negligence of Gibson is set out to be as follows:
“That John Gibson, parked near the point of collision as hereinabove described, without heed to the traffic on U. S. Highway 61, and negligently and without proper ascertainment of whether such movement could have been made safely, drove his automobile out into U. S. Highway 61 directly into the path of the oncoming car of James E. Spears, and his negligence in so doing was a proximate and contributing cause of the collision between his automobile and the vehicle driven by James E. Spears.”
The plaintiff alleges that as a result of the collision she was thrown forward into the windshield of her husband’s automobile “suffering severe cuts on her head and nose, injuring her back, the. right side of her abdomen and her left knee and causing bruises about the body, shock and other injuries.”
Following trial on the merits in the court below, the trial judge rendered a written opinion wherein he held that the accident was due solely to the negligence of John Gibson, insured of General American Casualty Company, and awarded plaintiff damages in the amount of -$2,500. The plaintiff’s demands against Traders and General Insurance Company were dismissed.
While the trial judge’s opinion was signed January 6, 1955, the formal judgment was not signed until January 18, 1955. It appears that during the intervening period it came to the attention of the trial judge that on July 14, 1954, a judgment had been signed by the Nineteenth Judicial District Court placing General American Casualty Company in Ancillary Receivership in the State of Louisiana, and appointing Wade O. Martin, Jr., Secretary of State, as Ancillary Receiver. This judgment restrained, enjoined and prohibited all persons “except certain persons named in the judgment, who were not in any way connected with the present litigation” from bringing or further prosecuting any action at law against General American Casualty Company or its estate. Because of the Receivership proceedings and the injunction, it was impossible for the trial judge to render judgment against the General American Casualty Company and consequently the formal judgment merely dis *79 missed the plaintiff’s suit against Trader and General Insurance Company.
Subsequent to the rendition of formal judgment, an application for a re-hearing was filed on behalf of the plaintiff. After having been argued, the application was denied and this appeal followed.
The record discloses that the accident happened on what is known as Scenic Highway (also U. S. Highway 61) in the Parish of East Baton Rouge. This thoroughfare was, at the time of the accident, a two lane paved highway running in a Northerly-Southerly direction. The collision occurred at about dusk at which time a fine drizzle was falling. The record presents two irreconcilable versions of how the accident occurred. According to the plaintiff’s husband, he had been proceeding West from 75th Street until he came to the intersection of that street and Scenic Highway where, because of the traffic on Scenic Highway, it was necessary to stop until traffic had cleared. After seeing his way clear, he made a right turn onto the Highway to proceed in a Northerly direction. He then drove North a short distance to the point of collision which was at the intersection of Scenic Highway and an intersecting driveway from a filling station known as the Pel Oil Station located on the East side of the highway. As he approached this driveway, John Gibson drove his automobile out onto the travelled thoroughfare at an angle across the highway and directly into Spears’ pathway. Spears attempted to put on his brakes and swerve to the right in order to avoid the accident, but nevertheless the left front portion of his vehicle collided with the left front portion of the Gibson car which was then at an angle facing in a Southwesterly direction across the highway.
The Gibson version of what transpired is that he was parked at the Oil Station at its intersection with Scenic Highway and after having ascertained that it was safe to enter same, entered the highway, made a left turn and proceeded South towards Baton Rouge. At the time he entered the Scenic Highway the Spears vehicle also entered from 75th Street. Spears made a right turn but did not make the turn in the North bound traffic lane and instead went over into the South bound traffic lane as he attempted to close the left door of his car which had come open. Spears continued on down the highway in the wrong side of the road and Gibson stopped his vehicle when' he saw Spears in front of him. It was while Gibson was parked on his side of the highway that his vehicle was struck by Spears’ automobile.
On this appeal the sole question presented is, of course, the negligence, if any, on the part of Spears. With respect to this point, the trial judge, in the course of his written reasons for judgment, made the following observation:
“A close analysis of this man’s (Gibson) own testimony shows that he made a left hand turn into and across the Scenic Highway when he saw the Spears car coming. He admitted that he tried to beat the Spears car and get across the highway before it reached him. The preponderance of the evidence is that the collision occurred when Gibson’s car was across the highway and not after he straightened out coming south. This was negligence. The case of Zurich Fire Ins. Co. [of New York] v. Thomas [La.App.], 49 So. 2 [d 460] is apposite here. It must be remembered that here Gibson admits he saw the Spears car coming when he entered the highway. He has made no complaint that the lights on the Spears car were not burning.
“We now come to a consideration of the alleged negligence of Spears. Aside the testimony of Gibson and his wife that Spears was driving North on the left side of the road which was Gibson’s right side, there is no suggestion of negligence on the part of Spears but the closing of a door of his car which came open as he turned to go north on the Scenic Highway. Mrs. Spears testified to this effect and so did Gibson and his wife. Mr. Spears who was temporarily knocked out as a *80 result of the injury neither admitted nor denied the closing of the door. It seems to me that even if he did close the car door as he was going along, this fact alone does not suffice as evidence that he crossed the center line to the wrong side of the road. To so hold would in my opinion he only a guess. Most assuredly I cannot rely for that conclusion on the testimony of Gibson and his wife, whose testimony relating to Gibson's own movements were so conflicting.
“Mrs. Spears was asked:
“ 'Q. Did he cross the center line of Scenic Highway? A. That I wouldn’t know, but it seems to me he was on the right side of his lane.’
“It must also he remembered that the door did not come open after the turn was made but as it was made, at the intersection of 75th Street and Scenic Highway. Again, the door was the door next to the driver. He didn’t have to reach across the car to close a door on the other side.
“Mrs. Spears, it will be conceded, made an effort to make it appear that her husband was not keeping a proper lookout. For instance, this question and answer:
“ ‘Q. When he reached to shut the door did he turn his head also? A. Well, I couldn’t say but I am sure he did though.’
“Notwithstanding her statement ‘Well I couldn’t say’ she affirmatively alleged in her petition that her husband took his eyes from the roadway in front of him. The fact that the door was shut can well be admitted. However, that alone does not constitute negligence. To accept this act alone as negligence would be unfair, unless in addition thereto, it were shown as a fact (not a guess) that the door was shut at an inopportune time and that in doing so Spears took his eyes off the road. Mrs. Spears testimony on this point obviously was a mere guess or the expression merely of an opinion.
“For the reasons assigned, I am of the opinion that the sole proximate cause of this collision was the act of Gibson in making a left turn in front of the Spears automobile at a time when Spears was too close to him to avoid striking him.
“I am further of the opinion that the evidence fails to establish to any degree of certainty any negligence on the part of Spears.”
The question presented is purely a factual one. As stated before, the testimony of Spears and his wife and that of Gibson and his wife is in hopeless conflict. We are unable to find anything in the record which would warrant a reversal of the findings by the trial judge and it is well settled that his conclusions should not be disturbed unless clearly erroneous.
Finding no manifest error in the judgment appealed from the same is hereby affirmed.
Judgment affirmed.