201 N.J. Super. 363 (1985)
493 A.2d 62
WILLIAM T. ZIMMERMAN, JR., INDIVIDUALLY AND ON BEHALF OF THE ALL BERKELEY CITIZENS GROUP, PLAINTIFFS-APPELLANTS,
v.
MUNICIPAL CLERK OF THE TOWNSHIP OF BERKELEY, ITS AGENTS, SERVANTS AND EMPLOYEES, DEFENDANTS-RESPONDENTS, AND ZENON PALKOSKI AND EDMUND J. CORRIGAN, INTERVENING DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1985.
Decided June 4, 1985.
*365 Before Judges FRITZ, GAULKIN and LONG.
James E. Bishop argued the cause for appellants (Shackleton, Hazeltine & Buczynski, attorneys; James E. Bishop, on the brief).
Joseph L. Foster argued the cause for respondent Municipal Clerk of the Township of Berkeley (Russo, Courtney, Foster, Secare & Tassini, attorneys).
John S. Pehlivanian argued the cause for respondent Edmund J. Corrigan (Joseph L. Foster and John S. Pehlivanian on the joint brief).
Edward Liston argued the cause for respondent Zenon Palkoski (Carlucci & Liston, attorneys; Harold N. Hensel, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
*366 In October of 1984 William Zimmerman, individually and on behalf of the All Berkeley Citizens Group (Citizens Group), filed a series of recall petitions with the Clerk of the Township of Berkeley which read as follows:
We the undersigned, registered voters of the Township of Berkeley, demand removal by recall, pursuant to N.J.S.A. 40:60A-168, et seq., of Mayor Zenon N. Palkowski [sic] and Edmund J. Corrigan, council member, because of their mismanagement of the financial administrative and personnel affairs of the Township of Berkeley, Ocean County, New Jersey.
The Clerk refused to file the petitions on two occasions because each petition included the names of more than one incumbent,[1] which circumstances she viewed as violative of the provisions of N.J.S.A. 40:69A-173. As a result, the Citizens Group filed a complaint seeking to compel the Clerk to accept the petitions for filing. The Clerk answered and Mayor Palkoski and Councilman Corrigan intervened. Thereafter the Citizens Group moved for summary judgment. The question presented to Judge Blake on the motion was whether the recall provisions of N.J.S.A. 40:69A-168 et seq. require the filing of a separate petition for each elected official sought to be removed. Judge Blake determined that the Clerk had properly rejected the petitions under N.J.S.A. 40:69A-168 et seq.:
My construction of this series of statutes clearly brings me to the conclusion that you cannot have a legal petition for the removal of more than one individual  period. Each petition must be against each individual against whom the recall is sought.
Because we are satisfied that the relevant statutory language and public policy considerations both point to the requirement of an individual recall petition for each incumbent, we affirm.
Berkeley Township is organized under the Optional Municipal Charter Law, N.J.S.A. 40:69A-1 et seq. (Faulkner Act). The method by which an elected official may be recalled in a *367 Faulkner Act municipality is set forth in N.J.S.A. 40:69A-168 et seq. In relevant part the law provides as follows:
Any elective officer shall be subject to removal from office for cause connected with his office, after he has served at least one year, upon the filing of a recall petition and the affirmative vote of a majority of those voting on the question of removal at any general, regular municipal or special election. [N.J.S.A. 40:69A-168.]
A recall petition shall demand the removal of a designated incumbent, shall be signed by qualified voters equal in number to at least twenty-five per centum (25%) of the registered voters of the municipality, and shall be filed with the municipal clerk. It shall set forth a statement of the cause upon which the removal is sought. [N.J.S.A. 40:69A-169.]
....
If the petition shall be sufficient the municipal clerk shall within two days notify the mayor, councilman or councilmen whose recall is sought thereby. If such notice cannot be served personally upon the mayor, councilman or councilmen affected, service may be made by registered mail.... If within five days after the service of the notice by the municipal clerk the mayor, councilman or councilmen sought to be recalled by such petition do not resign ... the municipal clerk shall order and fix a date for holding a recall election.... [N.J.S.A. 40:69A-171.]
....
If the removal of more than one officer is sought the same provisions for submitting to the electors the question and direction hereinbefore described shall be repeated in the case of each officer concerned and their position on the ballot for their recall shall be in the order of the filing of the petition with the municipal clerk. [N.J.S.A. 40:69-173.][2]
As we read this statutory scheme, an individual petition is required for the recall of each incumbent so that the public can consider the actions of each incumbent separately and decide whether good cause exists for his or her removal. Indeed, N.J.S.A. 40:69A-173, which is captioned "Removal of more than one officer," specifically states that when a recall seeks the removal of more than one elected official, "the same provisions for submitting to the electors the question and direction hereinbefore *368 described shall be repeated in the case of each officer concerned...." The statute goes on to provide that: "their [the incumbents'] position on the ballot for their recall shall be in the order of the filing of the petition with the municipal clerk." (Emphasis supplied). Similarly, N.J.S.A. 40:69A-169, states that a recall petition "shall demand the removal of a designated incumbent," not "any designated incumbent or incumbents." (Emphasis supplied). In our opinion, this plain language reflects an intention to require that the public shall make separate and independent judgments as to each incumbent sought to be recalled.
The Citizens Group argues that N.J.S.A. 40:69A-171 leads to a different conclusion. That section provides that: "If the petition shall be sufficient the municipal clerk shall ... notify the mayor, councilman or councilmen whose recall is sought thereby." (Emphasis supplied). The Citizens Group urges that the use of the term "or councilmen" supports the view that the statute allows for more than one incumbent to be named in a single petition. This argument has facial appeal when the provision is considered in a vacuum but it loses its vitality when section 171 is viewed against the backdrop of the other recall provisions. In order to accept the Citizens Group's interpretation, it is necessary to accept a single word  councilmen  as the sole determinant of the meaning of the statute in the face of the thread of contrary intent which runs through it. This contravenes the well established rule of statutory construction that a legislative provision should not be read in isolation or in a way which sacrifices what appears to be the scheme of the statute as a whole. Rather, a statute is to be interpreted in an integrated way without undue emphasis on any particular word or phrase and, if possible, in a manner which harmonizes all of its parts so as to do justice to its overall meaning. Alexander v. New Jersey Power & Light Co., 21 N.J. 373 (1956). In our estimation, the only interpretation of N.J.S.A. 40:69A-171 which is in harmony with the statutory scheme is to read the provision as entirely neutral on the *369 subject of individual petitions and its use of the phrase "mayor, councilman or councilmen" as merely reaffirming that any number of officials may be the target of a recall drive, and thus subject to notification.
Further, the Citizens Group's argument that more than one incumbent may be named in a single petition would have the effect of rendering a portion of the statute meaningless. N.J.S.A. 40:69A-173, which prescribes the legislatively sanctioned method for determining ballot positions in a recall election involving more than one incumbent, depends upon the filing of individual petitions for its operability. If, as the Citizens Group contends, a single petition suffices for more than one incumbent, no method is provided for selecting ballot positions and N.J.S.A. 40:69A-173 is rendered nugatory. Such a construction should be avoided if at all possible. Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503 (1984).
Most significant to us is the good sense of requiring a separate petition for each incumbent sought to be recalled. This interpretation parallels the election provisions of the Faulkner Act which prescribe that only one candidate may be named in each nominating petition. N.J.S.A. 40:69A-154(b). The obvious point of such a provision is to ascertain the true intent of the electorate with respect to each potential candidate and to foreclose any one candidate from either benefitting or suffering prejudice by being linked to another candidate in a nominating petition. The same concerns exist with respect to the serious matter of recall which requires a consensus of 25% of the electorate in order to force the recall election of an individual office holder. When more than one name is placed on a petition, there can be no certainty that the required percentage of the electorate has expressed its will as to each candidate. As in the nominating situation, one official should neither benefit nor suffer detriment from being linked with another in a recall petition and each should be judged separately on the merits of his or her own case. Accordingly, we hold *370 that an individual petition is required for each incumbent sought to be recalled. We note that nothing in Grubb v. Wyckoff, 52 N.J. 599 (1969) which is relied upon by the Citizens Group supports a contrary conclusion. That case, which dealt in part with the ability of incumbents to succeed themselves, sheds no light on the issue presented here.
The Citizens Group has argued alternatively that if this court upholds the requirement of separate recall petitions for each incumbent this decision would constitute a new rule of law which should only be given prospective effect. The threshold question to such a determination "is whether a new rule of law has actually been announced," and "whether there has been a departure from existing law." State v. Burstein, 85 N.J. 394, 403 (1981). We do not view this situation as falling within the prospectivity rule. A case of first impression under the statute is not necessarily a departure from existing law. Rather it may constitute a reaffirmation of an evident legislative intent which has been the general interpretation for some period of time. Indeed, the procedure approved today conforms with what appears to have been the long standing construction in other municipal recall situations. In Westpy v. Burnett, 82 N.J. Super. 239 (App.Div. 1964), for example, which involved the recall of the mayor and two council members, the court consistently spoke of the recall petitions. Similarly, in Leers v. Diehl, 11 N.J. Misc. 525, 167 A. 216 (Sup.Ct. 1933) decided under the predecessor act, the court noted that in an effort to recall five different council members, "five separate petitions were submitted to the town clerk, each praying for the removal of a named member of the council...." 11 N.J. Misc. at 525. Today, we merely reaffirm the intention the Legislature expressed clearly when it enacted the recall provisions of the Faulkner Act, no more and no less. As such, the rule of prospectivity is inapplicable.
Affirmed.
NOTES
[1] Several other reasons were advanced by the Clerk for rejecting the petition including deficiencies in the signatures and the attestations. Because of today's ruling, it is not necessary for us to deal with these issues.
[2] N.J.S.A. 40:69A-170 sets forth the technical requirements with respect to signatures on the petition and N.J.S.A. 40:69A-172 specifies the format of a recall ballot. Neither of these provisions is specifically applicable here.