WALTER C. GRUBB, JR., AND JOHN J. MCLAUGHLIN, PLAINTIFFS-APPELLANTS, v. FLOYD WYCKOFF, TOWN-SHIP CLERK OF THE TOWNSHIP OF MARLBORO, J. RUSSELL WOOLLEY, COUNTY CLERK OF THE COUNTY OF MONMOUTH, GEORGE E. CREEVY, ALFRED L. STORER, ROBERT NETCHERT, AND STEVEN ADLER, DEFENDANTS-RESPONDENTS.

Argued November 12, 1968—Decided November 12, 1968.

*Mr. James R. Minogue* argued the cause for appellants.

*Mr. Milton Kosene* argued the cause for respondent Wyckoff.

*Mr. Herbert B. Bierman* argued the cause for respondents Creevy and Storer.

*Mr. Robert L. Netchert, Jr.,* argued the cause for respondents Netchert and Adler.

The opinion of the court was delivered by

WEINTRAUB, C. J., This case involves a special recall election of two councilmen of the Township of Marlboro. The Township's form of government is the Mayor-Council Plan E of the Optional Municipal Charter Law, *N. J. S. A.* 40:69A–68 *et seq.* The incumbents sought to be removed are defendants Creevy and Storer. Plaintiffs Grubb and McLaughlin and defendants Netchert and Adler seek to succeed the incumbents if they are recalled. The incumbents also seek to succeed each other. Thus there are six contenders

for the two offices if the incumbents are ousted. The offices of councilman are identical and have the same expiration date. The trial court held (1) that the incumbents could run to succeed each other, and (2) that the candidates must choose to succeed a particular incumbent and therefore may not run with respect to both potential vacancies. Because of the time factor, we granted certification directly to the trial court.

The recall provisions appear in *N. J. S. A.* 40:69A–168 *et seq.* They do not explicitly deal with the questions presented, and hence we seek to glean the probable legislative intent from what does appear.

We will consider first whether the candidates must specify which incumbent they seek to succeed where more than one officer is subject to recall and the offices and their expiration dates are identical. *N. J. S. A.* 40:69A–173 provides that if removal of more than one officer is sought, the questions on the ballot shall be stated separately as to each officer and in the order in which the petitions for recall were filed. *N. J. S. A.* 40:69A–174 provides for the election of the successor on the same ballot upon which the recall question appears and states that immediately under the black line following the recall question shall appear the phrase "Nominees for successors of * * * [here insert name of incumbent] in the event he is recalled." This direction could be read literally to support the trial court's ruling, but the Legislature was not speaking in *N. J. S. A.* 40:69A–174 to a situation in which more than one incumbent was sought to be removed from identical offices.

The object of an election is the clear, free choice of the voters. At an original election of councilmen when more than one is to be chosen, the candidates are not confined to one of the opportunities. See *N. J. S. A.* 40:69A–159. Rather they all run against each other for the vacant posts. We see no reason to suppose the Legislature intended a different approach when the election is for the unexpired terms of two such offices.

If each candidate were required to designate one particular office, the result could be forbiddingly odd. For example, all candidates might opt to succeed one incumbent with no one aspiring to succeed the other; or a candidate could be elected although he polled less than any of the candidates to succeed the other incumbent. Similarly problems would appear if the same candidates filed separately to succeed both incumbents. The statute would not literally prevent that course. Upon that approach the ballot would be so much longer and could lead a voter to vote for only one or to vote twice for one although two are to be chosen. If one candidate ran high as to both offices, with different candidates running next, there would be the perplexing issue as to who would get the second office.

We believe that when two or more offices identical even as to expiration date are involved, the public will can be expressed fairly and intelligently only if all of the contestants are deemed to be candidates for all such offices. The direction contained in *N. J. S. A.* 40:69A–174 as to the election of a successor will be satisfied if the ballot reads "Nominees for successors of [names of all incumbents] if they or one of them are recalled."

The other question is whether an incumbent can run to succeed himself. Here the incumbents sought to escape the question by filing to succeed each other. That strategy cannot obviate the issue. To begin with, it is difficult to see how a councilman may run for a second office of councilman, at least when both offices have the same expiration date. Imagine the problem if an incumbent who defeated the recall as to himself should also run high as to the office of the incumbent who was removed. We are satisfied that if the Legislature intended that an officer who is recalled shall be ineligible to succeed himself for the balance of his term, the same policy should block his acquisition of the same unexpired balance of the term of a fellow incumbent at the same recall election.

■ We turn therefore to the question whether an incumbent sought to be recalled may seek to be his own successor. Again the statute is obscure. The recall petition must be signed by qualified voters equal in number to 25% of the registered voters of the municipality, and the petition must set forth a statement of the cause upon which the removal is sought. *N. J. S. A.* 40:69A–169. The statute contemplates that the incumbent may resign in the face of the petition, but it does not say that a resignation is required if the incumbent wishes to run for his unexpired term; in fact the statute makes his resignation subject to acceptance by the municipal council. *N. J. S. A.* 40:69A–171. A majority of the votes is required to accomplish the recall, *N. J. S. A.* 40:69A–177, and thus his recall establishes that a majority believe he ought not to continue in his office. But it must be noted that a majority vote does not establish unfitness for office. The reason for recall stated in the moving petition need not constitute disqualification for office. Compare *Westpy v. Burnett,* 82 *N. J. Super.* 239 (*App. Div.* 1964), affirmed 41 *N. J.* 554 (1964) and *Leers v. Diehl,* 11 *N. J. Misc.* 525, 167 *A.* 216 (*Sup. Ct.* 1933), with *N. J. S.* 2A: 93–5; *N. J. S.* 2A:135–9; and *N. J. S. A.* 40:69A–166.

If a majority vote were required for election, then it could be argued that a majority vote to recall sufficiently reveals the will of the electorate that the incumbent should not serve. But if a successor may be elected by a plurality, rather than a majority, then a majority vote for recall does not reveal the plurality feeling of the voters. The votes *against* the recall of the incumbent, although less than 50%, may well exceed the votes in favor of each candidate to succeed him. In such circumstances, if the incumbent may not run, the successor may be the choice of a minority less than a plurality as revealed by the votes to retain the incumbent. Indeed, to bar the incumbent from succeeding himself where a plurality vote suffices might encourage those defeated in the regular election to seek to recall the victor in the belief that, he having received less than a majority, it is likely a majority

will vote to recall him, thereby leaving the field to candidates who did not best the incumbent in a direct contest with him.

We alluded to this problem in *In re Hackensack Recall Election,* 31 *N. J.* 592 (1960). There the controversy, under another statute, reached us after the recall election. The incumbents had not been permitted to run to succeed themselves, but there was only one other slate of candidates and upon the facts we were satisfied the voters had clearly expressed a preference for the successors over the recalled incumbents. We said (*pp.* 594–595):

"* * * The practical effect of the election was that of any regular election in which two well defined five-man slates vie for five offices. It is difficult for us to believe that if the appellants had been on the ballot to succeed themselves, the majority voting in the election would have voted to recall them and then would have immediately returned them to office in preference to their opponents. The case would be different if there were a greater number of candidates on the ballot to succeed the incumbents. In that situation, if the incumbents were permitted to be on the ballot as candidates to succeed themselves in the event of their recall, the minority who voted against their recall, and who wished to retain them in office, might be of sufficient number to reelect them, since the majority who voted for recall might then so spread their votes for successors as to give the recalled councilmen a plurality that would return them to office."

We concluded with this (*p.* 597):

"The provisions of the statute, *R. S.* 40:84–14 to 16, furnish no express answer to the question whether incumbent councilmen are eligible to succeed themselves in the event of their recall, and the legislative history is not persuasive either way. In these circumstances, the Legislature might well see fit to clarify the statute so that its intent can be definitively ascertained."

The Legislature has not, however, made any further expression. We therefore select the approach we think is more consonant with a free expression of the popular will, the ultimate legislative aim, and hold that an incumbent on the recall election may run to succeed himself if a plurality

vote suffices for election for the unexpired term. That is the situation before us.

We hold, therefore, that both incumbents shall be included with the other four aspirants as candidates. The ballot shall direct the voters to vote for two. If only one incumbent is recalled, the candidate who receives the highest vote shall be the successor, unless such candidate is the un-recalled incumbent, in which event the candidate with the next highest vote shall be the victor. If both incumbents are recalled, their successors will be the recipients of the highest and the next highest votes.

The judgment is modified accordingly.

HALL, J., dissents in part, believing that neither incumbent sought to be recalled may run to succeed himself or the other incumbent. Otherwise he joins in the foregoing opinion.

*For modification* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR and SCHETTINO — 4.

*Dissenting in part* — Justice HALL — 1.