299 So.2d 17 (1974)
Robert H. HURT, Etc., Petitioner,
v.
Gene P. NAPLES et al., Respondents.
No. 44798.
Supreme Court of Florida.
July 24, 1974.
Tobias Simon and Elizabeth J. duFresne, Miami, for petitioner.
Everett H. Dudley, Jr., Hialeah, for respondents.
*18 ERVIN, Justice:
This is a conflict certiorari review of a decision of the District Court of Appeal, Third District, wherein it dismissed as moot an appeal of Robert H. Hurt, Petitioner herein. The dismissal had the effect of a final decision in the cause. The question submitted is whether under the circumstances hereinafter related the dismissal of the appeal as moot presents decisional conflict. We think it does.
The facts are that on October 2, 1973, the City of Miami Springs, Florida, held a special election on the question of recalling three of the city's incumbent councilmen, including Petitioner, Robert H. Hurt. A majority of the city's electorate voted for the recall of the three councilmen. But simultaneously at the same election, an election was held to elect a successor to each of the three councilmen, if recalled. Petitioner, Robert H. Hurt, and the other two incumbent councilmen in accordance with the City Charter had been duly nominated by Petition and had qualified to run as candidates and their names were placed on the city's ballot to succeed themselves if they were simultaneously recalled. Only Petitioner, Robert H. Hurt, received a plurality of the votes in the election of the successors, there being three candidates in his race. Subsequent to the election Robert H. Hurt was duly installed as successor councilman.
Prior to the election Gene P. Naples, et al., Respondents herein, who are voters in Miami Springs and were opponents of the three incumbent councilmen in their bids for re-election, brought a suit for declaratory judgment seeking to ban the challenged councilmen from running for re-election in the event they were unseated by recall.
In that suit the trial court, late in September, 1973, in its final judgment held the three councilmen were ineligible to assume office for the unexpired portions of their terms should they be simultaneously recalled and re-elected. The trial court ordered that their names should not be included on the ballot. However, an appeal of the judgment was immediately taken to this Court and a stay order was entered by the trial court. By the time this Court determined it lacked jurisdiction to hear the appeal and transferred the cause to the District Court of Appeal, Third District, the recall election had been held with the names of Petitioner and his fellow councilmen on the ballot with the results aforesaid.
On appeal to this Court only one assignment of error was presented:
"The Court erred in entering its final judgment in favor of the Plaintiffs whereby the Defendants are prohibited from being candidates in a municipal election while they are subject to recall."
On the day of the election, a motion was filed to amend the assignment of error to read:
"The Court erred in entering its final judgment in favor of the Plaintiffs and against the Defendants."
Respondents filed a motion to dismiss the transferred appeal in the District Court, reciting the facts of the case and the results of the election, and urging that the point on appeal was now moot. A motion to strike the amended assignment of error was also filed.
The District Court dismissed Petitioner's appeal on the ground it was moot. Its order of dismissal reads as follows:
"This cause having come on for hearing upon the motions of counsel as noticed and upon consideration thereof, it is ordered that appellees' motion to strike the amended assignments of error and appellants' supplemental brief is granted and appellees' motion to dismiss appeal is granted and this appeal from the Circuit Court of Dade County, Fla. (73-22664) be and the same is hereby dismissed."
In explanation of the record proper background of the dismissal order we recite *19 from the motion of the appellees to dismiss the appeal as follows:
"1. That this Appeal was brought by the Appellants upon single Assignment of Error, to-wit: `The Court erred in entering its final Judgment in favor of the Plaintiffs whereby the Defendants are prohibited from being candidates in a municipal election while they are subject to recall.'
"2. That upon the filing of this Appeal an Automatic Stay was imposed upon the Final Declaratory Judgment of the Trial Court below by virtue of the operation of Rule 5.12(1) Florida Appellate Rules.
"3. That a Motion to Vacate Automatic Stay was filed by the Appellees in the Florida Supreme Court on September 26, 1973, and was heard by that Court on October 1, 1973, preliminary to a Special Recall Election to be held in the City of Miami Springs on October 2, 1973.
"4. The Supreme Court failed to rule upon said Motion and the election was held on October 2, 1973, in the City of Miami Springs.
"5. That due to the effect of the Automatic Stay imposed by Rule 5.12(1) Florida Appellate Rules and the failure of the Florida Supreme Court to rule upon Appellees Motion to Vacate same, the names of the incumbent councilmen, WILLIAM WOLAR, IRVING ZAHN and ROBERT HURT appeared on the official ballot as candidates to succeed themselves for the unexpired balance of their respective terms if recalled.
"6. As a result of the said election the Appellants, WILLIAM WOLAR and IRVING ZAHN, were recalled from office and were not re-elected.
"7. As a further result of the said election the Appellant ROBERT HURT was recalled from office by a majority vote and was re-elected to office by a minority vote of the voters in said election.
"8. That on October 3, 1973, the said ROBERT HURT was installed in office for the unexpired balance of the term of office from which he had been recalled.
"9. The single point assigned as error by Appellants in their Assignments of Error and as contained in their Brief is now moot and need not be determined by this Court." (Emphasis supplied)
We do not think the original assignment of error or amendment thereto made any material difference in respect to validity or that they warranted dismissal of the appeal. They were sufficient under Appellate Rule 3.5 to raise on appeal the definitive question of whether the final judgment was erroneous. Compare National Car Rental System, Inc., v. Holland (Fla.App. 1972), 269 So.2d 407.
Merely because Petitioner's name remained on the ballot because of the appeal stay did not negate the effect of the original and amended assignment of error which directly raised the validity of the final judgment holding Petitioner to be ineligible as a candidate.
From the record proper it is clear to us that the appeal was not moot and that the Petitioner did not have his appeal day in court. The final judgment of the trial court directly held that Petitioner was not eligible as a recalled councilman to run to succeed himself. This issue was an important public question and was not settled by the recall election because ostensibly at least, the Petitioner was elected to succeed himself as a recalled councilman. He was entitled to a final appellate answer on the merits having received an adverse decision upon his eligibility from the trial court.
It is our view that the dismissal of the appeal as moot conflicts with this Court's decisions in Tau Alpha Holding Corp. v. Board of Adjustments (1937), 126 Fla. 858, 171 So. 819, and Ervin v. Capital Weekly Post (Fla. 1957), 97 So.2d 464. Those cases *20 hold that an appellate court does not lose jurisdiction of a cause even though the matter in controversy has become moot as to one or more of the litigants where important public issues are involved and "the real merits of the controversy are unsettled." Here we consider the question was sufficiently important for an appellate decision at least to the citizens of Miami Springs and as a general proposition of municipal law.
Having ascertained there is conflict certiorari jurisdiction here on the question of mootness, we consider it appropriate to end further delay and litigation and pass on the merits of this cause.
It is our view the election of Petitioner as successor councilman must stand.
The question of Hurt's eligibility as a successor candidate is determinable by direct reference to pertinent provisions of the City Charter of the City of Miami Springs.
Section 30 of the City Charter (Ch. 26037, Laws of Florida Special Acts 1949, as amended) provides for recall of a city's councilman and simultaneous election of his successor. Subparagraphs (6) and (7) of said section in part provide:
"... If, however an election is held for the recall of more than one Councilman, candidates to succeed them for the unexpired terms shall be voted upon at the same election and shall be nominated without primary election by petitions signed by fifty electors of said City; the petition shall contain the name of each person whose name is presented for a place on the ballot and a statement that such person is a candidate for the office of City Councilman for the City of Miami Springs ... Candidates shall be nominated to succeed any particular Councilman, but if only one councilman is removed at such election, the candidate at such election receiving the highest number of votes shall be declared elected to fill the vacancy; and if more than one councilman is removed at such election, such candidates equal in number to the number of councilmen removed shall be declared elected to fill the vacancies; and among the successful candidates whose [sic] receiving the greatest number of votes shall be declared elected for the longer term. Cases of ties and all other matters not herein specially provided for shall be determined by the rules governing elections generally... ."
There is nothing in the foregoing Charter provisions which declares a recalled councilman is ineligible to be a candidate to run to fill out the balance of the term from which he was recalled. No one should be denied eligibility to be a candidate for public office unless the Constitution or an applicable valid law expressly declares him ineligible. The pertinent provisions of the City Charter prescribing eligibility for the office of councilman do not provide that a recall shall either immediately, simultaneously or subsequently bar a recalled councilman from running in an election to succeed himself if he has been nominated therefore as provided by the Charter. He is no way disqualified, attainted or outlawed by law from being a candidate to return to office. The judiciary cannot by implication prescribe what would amount to a legislative prohibition of eligibility of the candidacy of a recalled councilman.
In Ervin v. Collins (Fla. 1956), 85 So.2d 852 at 858, it was said that if there were doubts as to Candidate Leroy Collins' candidacy for Governor
"they should be resolved in favor of the free expression of the people ... It is the sovereign right of the people to select their own officers and the rule is against imposing disqualifications to run. The lexicon of democracy condemns all attempts to restrict one's right to run for office ..."
*21 In City of Miami Beach v. Richard (Fla.App. 1965), 173 So.2d 480, the Third District Court stated:
"To hold one ineligible to run for office where neither the Constitution nor the statute does so in express terms is contrary to every democratic precept."
In 63 Am.Jur.2d, Public Officers and Employees, § 38, it is said:
"However, the right to hold office is a valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of law... . If this rule permits too much latitude, then the question of eligibility cannot be corrected by the courts, but by the legislature in whom the power is reposed... ." P. 650
Some states have statutes that expressly prohibit a recalled official from seeking re-election to the office from which he was ousted during the term from which he was ousted. Other states expressly provide an officer sought to be recalled can simultaneously seek re-election to the office from which he was, or is being ousted.
The City of Miami Springs Charter is silent on the point. There are no Florida decisions to cover such a situation. However, in a similar situation it was held by the New Jersey Supreme Court in the case of Grubb v. Wyckoff, 52 N.J. 599, 247 A.2d 481 at 483-484, that a recalled official may seek to be his own successor because a majority vote for recall does not establish unfitness for office.
Some of the cases from other jurisdictions appear to hold that unless recall or removal is grounded upon misfeasance or malfeasance in office eligibility to succeed one's self by election during the term is not involved. No such stigma appears to attach to the Petitioner's recall in this case.
The fact that Petitioner was recalled by a majority vote of the electors participating in the recall and was only elected by a plurality of the same electors makes no legal difference. It is the statute prescribing eligibility for candidacy which governs, not the happenstance that more than one candidate vied with Hurt in his bid to fill the recall vacancy.
Discouragement of candidacy for public office should be frowned upon in the absence of express statutory disqualification. The people should have available opportunity to select their public officer from a multiple choice of candidates. Widening the field of candidates is the rule, not the exception, in Florida. It should not be abated in the absence of express statutory provision to the contrary.
The order of the District Court is quashed with direction that further proceedings below be in accord herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN, DEKLE and OVERTON, JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting).
I respectfully dissent to the majority opinion only because I am convinced that the Court is without authority to exercise jurisdiction in this regard. The cases cited in the majority opinion do not conflict with the decision of the District Court of Appeals, Third District, sufficient for this Court to grant certiorari.
The majority view is that the District Court of Appeals, Third District, erred in granting appellees' Motion To Strike the Amended Assignment of Errors and Appellants' Supplemental Brief and in granting Appellees' Motion To Dismiss the Appeal. If the District Court of Appeals, Third District, did commit error, the cause should be remanded to that forum with directions for full consideration of relevant issues and the matter should not be decided at this time by this Court.