QUESTION: May a city charter be amended to provide for the holding of an election in conjunction with a recall election, which election would be for the purpose of filling any vacancy which might be created by the results of the recall election and in which the incumbent could qualify to run like any other candidate?
SUMMARY: In this state, a member of the governing body of a municipality who is the subject of recall proceedings is eligible to qualify and run as a candidate to succeed himself in the event of his removal at the recall election. If an election is held for the recall of more than one member, candidates to succeed them must be voted upon at the same election, as required by s. 1(4) of Ch. 74-130, Laws of Florida. When an election is held for the recall of only one member, any vacancy resulting from the recall election may be filled in the manner provided in the municipal charter or ordinances. In Hurt v. Naples, 299 So.2d 17 (Fla. 1974), the Supreme Court of Florida concluded that, absent an express constitutional or legislative disqualification, a municipal officer subject to recall is eligible to qualify and run as a candidate to succeed himself if recalled. (It should be noted that the opposite conclusion reached in AGO 073-349 is hereby receded from on the authority of the Hurt case, supra.) Accordingly, it is necessary to examine the provisions of Ch. 74130, Laws of Florida [s. 100.361, F.S. (1974 Supp.)] — which creates a uniform procedure for the recall of the members of the governing bodies of municipalities and charter counties — in order to determine whether any such express disqualification exists. Subsection 1(8) of Ch. 74-130, supra [s. 100.361(8)], provides: No person removed by a recall or resigning after petition has been filed against him shall be eligible to be appointed to the governing body within a period of two (2) years after the date of such recall or resignation. (Emphasis supplied.) The above-quoted disqualification goes only to appointment to the governing body and does not pose an impediment to seeking election to the office. An examination of the legislative history of Ch. 74-130 reveals that the Committee Substitute for House Bill 1739 and subsequent versions of the bill contained the following provision in Subsection 1(4): Any individual who is the subject of a recall election shall be prohibited from seeking reelection, or election to any office, at the same time as the election on the question of removal is being held. (Emphasis supplied.) However, when the bill was considered by the Senate on May 28, 1974, an amendment was adopted which deleted the language quoted above and the bill, as thus amended, was passed by the Senate. The following day, on motion by Representative Crabtree (who originally introduced the bill), the House of Representatives concurred in the Senate amendment and passed the bill as amended by the Senate. This specific deletion of a provision which would have posed an express impediment to qualification as a candidate for reelection evidences a clear legislative intent not to create any such disqualification, particularly where the final legislative action took place several months after the decision in the Hurt case, supra. It being clear from the foregoing that an officer subject to recall is not disqualified from becoming a candidate to succeed himself in the event of his recall, attention must now be given to the question of the authority vel non of a municipal governing body to amend a municipal charter so as to provide for the manner in which a vacancy created by recall shall be filled. Subsection 1(4) of Ch. 74-130, supra [s. 100.361(4), F.S. (1974 Supp.)], provides that where the majority of the votes cast at a recall election are in favor of recalling a member of the governing body "the vacancy caused by the recall shall be filled by the governing body according to the provisions of the appropriate law." But, subsection 1(4) goes on to provide: If, however, an election is held for the recall of more than one (1) member, candidates to succeed them for the unexpired terms shall be voted upon at the same election, and shall be nominated in the same manner as provided by the appropriate law for the nomination of candidates at general elections. And subsection 1(6) of Ch. 74-130 [s.100.361(6)] provides: Candidates shall not be nominated to succeed any particular member; but if only one (1) member is removed the candidate receiving the highest number of votes shall be declared elected to fill the vacancy; and if more than one (1) member is removed candidates equal in number to the number of members removed shall be declared elected to fill the vacancies; and among the successful candidates those receiving the greatest number of votes shall be declared elected for the longest terms. Cases of ties, and all other matters not herein specially provided for, shall be determined by the rules governing elections generally. In cases where an election is held for the recall of more than one member, the language quoted above from subsections 1(4) and 1(6) of Ch. 74-130 establishes the particular manner in which any vacancies which may result from the recall election shall be filled. Further, subsection 1(10) of Ch. 74-130, supra [s.100.361(10)], states: (10) It is the intent of the Legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict. I continue to be of the view that the language of subsection 1(10), id., must be considered as being an express preemption to state government of the subject matter regulated by Ch. 74-130, supra, within the meaning of s. 166.021(3)(c), F.S., which excepts from municipal legislative power any subject matter so preempted. Accordingly, it is my opinion that unless and until otherwise determined by the courts or clarified by the Legislature, a municipal legislative body is without power to enact legislation regulating any aspect of municipal recall proceedings regulated by Ch. 74-130 except as otherwise provided in the statute. Thus, the governing body of the city is without legislative power to specify the manner in which vacancies resulting from recall elections shall be filled where an election is held for the recall of more than one member. However, the foregoing conclusion does not appear to apply where an election is held for the recall of only one member of the governing body. Chapter 74-130, supra, does not establish any particular manner for filling a vacancy resulting from such an election, but — as noted above — merely provides in subsection 1(4) that a vacancy arising under such circumstances "shall be filled by the governing body according to the provisions of the applicable law." Thus, it appears that the manner of filling vacancies resulting from an election held for the recall of only one member of the governing body has been left unregulated by Ch. 74-130 and is a subject matter which may be regulated by amendment to the municipality's charter act. No question is presented and no answer is given as to whether such provisions in the charter act have been converted into ordinances by operation of the Municipal Home Rule Powers Act (Ch. 166, F.S.) or remain as charter provisions which may be amended only in the manner provided by s.166.031.