MILLS, Judge.
Appellants-plaintiffs filed suit against appellee-defendant Slaughter, Clerk of the Duval County Circuit Court, and appellee-defendant Tanzler, Mayor of the consolidated City of Jacksonville and candidate for reelection, seeking to enjoin Slaughter from accepting qualifying papers and fee from Tanzler, and in effect seeking to prohibit Tanzler from becoming a candidate for reelection. Based upon stipulated facts and argument by or on behalf of the parties, the trial court rendered a judgment finding that Tanzler was eligible to seek reelection and that Slaughter had properly accepted his qualifying papers and fee. From this judgment, plaintiffs appeal. We affirm.
The sole issue before the trial court and this court is whether the provisions of the Charter Laws of the consolidated government of the City of Jacksonville prohibited Tanzler from qualifying for, being elected *491 to, or filling the office of Mayor for the term beginning 1 July 1975 and terminating 30 June 1979.
At a pretrial conference, the parties stipulated to the following:
1. “That Hans G. Tanzler, Jr. was elected to and did serve as Mayor of the City of Jacksonville for the period of time from October 1, 1968 and which ended June 30, 1971 and that he was also elected to and did serve as Mayor of the City of Jacksonville for the full four-year term which began July 1, 1971 and which will terminate June 30, 1975.
2. “That Hans G. Tanzler, Jr. did on Tuesday, February 25, 1975 file and qualify as a candidate for the Office of Mayor of the City of Jacksonville, Florida for the term beginning July 1, 1975, and such qualification and appropriate fee required to be paid were accepted by S. Morgan Slaughter, as Clerk of the Circuit Court of Duval County.
3. “That there are no issues of fact to be submitted or determined by the Court.”
The Charter provisions pertinent to this appeal are:
1. “ARTICLE 6 THE MAYOR
Section 6.01. Qualifications and Term of Office. . . . He shall be elected for a period of four (4) years and shall assume office on the first day of July following his election, and serve until his successor is elected and qualified. No mayor elected and qualified for two consecutive terms shall be eligible for election as mayor in the next succeeding term. . . .”
2. “ARTICLE 22 TRANSITION AND EFFECTIVE DATE.

Section 22.01. Initial Election

■ . . Officers elected at such initial election shall begin their term of office on the effective date of this charter, except as provided in section 22.03, and such term of office shall end on June 30, 1971.

Section 22.02. Effective Date of Charter.

This charter shall become effective on October 1, 1968, . .
Section 22.03. Certain Early Assumption of Duties. The mayor, elected in the initial election shall take office on March 1, 1968, but until October 1, 1968, may exercise only the following limited powers: The mayor shall have the .power to appoint directors of departments, the chief administrative officer, the budget officer, the city accountant, the treasurer, and the city attorney, who shall take office on March 1, 1968, or as soon thereafter as they are selected. Until October 1, 1968, such officers shall have authority only to assist the mayor and the council in the preparation of the initial consolidated government budget and formation of and preparation for the initial consolidated government.”
Plaintiffs contend that since Tanzler served as Mayor during the initial transitional term of office and will have served as Mayor during a subsequent full four-year term, he will have served two terms of office, so that the prohibitions in Section 6.01 against a third term render him ineligible to run for the term of office commencing 1 July 1975.
Tanzler contends that the initial transitional and short term required by Article 22 is not a full four-year term, so that he has not served the two terms provided for in Section 6.01 and is not prohibited from running for the term beginning 1 July 1975.
The right to be a candidate for public office is a valuable right, and no one should be denied this right unless the Constitution or applicable valid law expressly declares him ineligible. Ervin v. *492 Collins, 85 So.2d 852 (Fla.1956); Hurt v. Naples, 299 So.2d 17 (Fla.1974).
The imposition of restrictions upon the right of a person to hold public office should receive a liberal construction in favor of the people exercising freedom of choice in the selection of their public officers. Ervin v. Collins, supra.
If there be doubt or ambiguity in the provisions, the doubt or ambiguity must be resolved in favor of eligibility. Ervin v. Collins, supra.
The Supreme Court of Mississippi in Bozeman v. Laird, 91 Miss. 719, 45 So. 722 (1908), stated that one elected sheriff of a newly created county, the legislature limiting the initial term to one and one-half years, was eligible to succeed himself for the full constitutional term of four years, notwithstanding a constitutional provision providing that the sheriff shall be ineligible to immediately succeed himself in office; the constitutional limitation not applying to a sheriff who had served only a part of a full term.
While Articles 6 and 22 must be considered together, they provide for completely separate and identifiable terms of office. The short term of two years, nine months was required by Article 22 only to serve an interim and transitional purpose. The election for the term of two years, nine months provided for in Article 22 does not constitute a term of office as set forth in Article 6.
If these Articles are conflicting or ambiguous, and therefore subject to judicial construction, such conflict or ambiguity must be resolved in favor of eligibility, leaving to the voters the question of whether Tanzler is entitled to a second full term of office.
As was so well stated by Justice Ervin in Hurt v. Naples, supra:
“Discouragement of candidacy for public office should be frowned upon in the absence of express statutory disqualification. The people should have available opportunity to select their public officer from a multiple choice of candidates. Widening the field of candidates is the rule, not the exception, in Florida. It should not be abated in the absence of express statutory provision to the contrary.”
The judgment of the trial court is affirmed.
MELVIN, WOODROW M., and WAD-DELL, TOM, Jr., Associate Judges, concur.