The Honorable T.K. Wetherell Representative District 29 221 The Capitol Tallahassee, Florida 32399-1300
Dear Representative Wetherell:
You ask substantially the following question:
 Does s. 5, Art. II, State Const., or any provision of the Florida Statutes passed pursuant to s. 18, Art. III, State Const., prohibit me from simultaneously serving as Speaker of the Florida House of Representatives while being employed as chief administrative officer of a community college so long as I am on leave without pay while performing legislative duties?
In sum, I am of the opinion that:
 Neither the constitutional prohibition against dual officeholding in s. 5, Art. II, State Const., nor the common law rule against incompatibility prohibit the Speaker of the Florida House of Representatives from also being employed as chief administrative officer of a community college district. Questions arising under the Code of Ethics for Public Officers and Employees, implementing the provisions of s. 18, Art. III, State Const., must be referred to the Florida Commission on Ethics.
Section 5(a), Art. II, State Const., provides in part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers.
The above prohibition applies to both elected and appointed offices.[1] Moreover, it is not necessary that the two offices be within the same governmental unit.
This constitutional provision, however, applies to only state county, and municipal officers. It is not applicable to special district officers. This office has previously stated that there is no violation of the dual officeholding prohibition by a legislator serving as a member of the board of trustees of a community college district.[2]
In AGO 80-16, this office was asked whether the constitutional prohibition against dual officeholding or the common law rule against incompatibility prohibited a legislator and Chairman of the Higher Education Committee in the Florida House of Representatives from simultaneously serving as a member of the board of trustees of a community college district. This office concluded that inasmuch as the Constitution prohibition applied only to state, county and municipal offices, no violation occurred by the Chairman and legislator simultaneously serving as an officer of the special district.
Moreover, this office found no violation of the common law rule against incompatibility. This doctrine prevents a public officer from holding two incompatible offices at the same time. It has been recognized to be in effect in this state, notwithstanding the provisions of s. 5, Art. II, State Const.[3] The incompatibility that disqualifies lies in a conflict between the functions of the two offices. For example, where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other.[4]
This office stated in AGO 80-16 that this was not a situation in which the office of community college trustee was subordinate to or subject to any supervisory power of the house committee which the legislator chaired, nor did the chairman have any power to appoint or remove the trustee. While as a legislator, he was a member of a body which had the power to set the compensation paid to any officer of a statutory body, including a community college district, this office stated that this factor alone was not sufficient to preclude his appointment to the office of community college trustee:
 To hold that this factor alone is decisive and operates to preclude your appointment to and holding of the office of a trustee of a community college district would mean that no member of the Legislature could ever hold any other office of any district or statutorily created public body corporate or politic since the Legislature ultimately has the power to set the compensation or salaries of all public officers, state and local.
Moreover, this office recognized that a legislator has no duties with respect to the operation of the community college. Accordingly, inasmuch as the right to hold office should not be curtailed except under the plainest circumstances,[5] this office concluded that the common law doctrine of incompatibility did not preclude the legislator and Chairman of the House Higher Education Committee from simultaneously serving as a member of a community college board of trustees.
Similarly, the common law rule of incompatibility would not appear to prohibit you as a legislator and Speaker of the House of Representatives from simultaneously serving as chief administrative officer of a community college district. The chief administrative officer is not directly subordinate to or subject to the direct supervisory power of the Speaker of the House of Representatives, nor do you as Speaker have the authority to appoint or remove the chief administrative officer. You are a member of the Legislature which has the power to set the compensation of all public officers;[6] however, as this office recognized in AGO 80-16, this factor alone is not sufficient to preclude you from simultaneously serving as chief administrative officer of the community college district.
Moreover, inasmuch as a community college district is a special district and not a state agency, county or municipality, the dual officeholding prohibition in s. 5(a), Art. II, State Const., is not applicable to offices within the district. Therefore, I am of the opinion that neither s. 5, Art. II, State Const., nor the common law rule against incompatibility prohibits you as Speaker of the Florida of House of Representatives from serving as chief administrative officer of a community college district.
Part III, Ch. 112, F.S., is the Code of Ethics for Public Officers and Employees.[7] It is the responsibility of the Florida Commission on Ethics to interpret the provision of the code.[8]
Accordingly, questions regarding the interpretation of the code should be referred to the commission rather than to this office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 80-97.
[2] See, AGO 75-153.
[3] See, s. 2.01, F.S. And see, AGO's 75-60 and 70-46 discussing the continued viability of this rule.
[4] Attorney General Opinion 70-46. And see, Gryzik v. State,380 So.2d 1102, 1104 (1 D.C.A. Fla., 1980), pet. for rev. den.,388 So.2d 1113 (Fla. 1980).
[5] See, Ervin v. Collins, 85 So.2d 852 (Fla. 1956); Vieira v. Slaughter, 318 So.2d 490 (1 D.C.A. Fla., 1975).
[6] See, s. 240.319(3)(1), F.S. (1988 Supp.), authorizing the board of trustees to provide for the compensation, including salaries and fringe benefits, for personnel including the president, and to enter into a contract with the president which contract may fix the compensation therefor.
[7] See, s. 18, Art. III, State Const., stating that a code of ethics for all state employees and nonjudicial officers prohibiting conflict between public duties and private interests shall be prescribed by law.
[8] See, s. 112.322(3)(a), F.S., authorizing the commission to render an opinion to any public officer, candidate for public office or public employee in doubt about the applicability and interpretation of Part III, Ch. 112, F.S., to himself in a particular context. Such opinions, until amended or revoked, are binding on the conduct of the officer, candidate or employee who sought the opinion or with reference to whom the opinion was sought, unless material facts were omitted or misstated in the request for the opinion. Section 112.322(3)(b), F.S.