NESBITT, Judge.
This is an appeal from an order denying declaratory and injunctive relief in an action brought by registered voters residing in Miami-Dade County Commission District 2, seeking to prevent former County Commissioner James C. Burke from claiming entitlement to the District 2 seat during the term for which he has been suspended by the Governor of Florida, following his indictment on federal public corruption charges.
A special election was called to fill the vacancy on the Miami-Dade County Commission for District 2, after Burke resigned from his office, following his suspension by Governor Lawton Chiles pursuant to Article IV, Section 7 of the Florida Constitution.[1] Thus, the issue *1080 presented in this appeal is whether Burke is eligible to run for or serve as District 2 Commissioner for the remainder of the term (through October 13, 1998) from which he was suspended and then resigned. We affirm the trial court’s denial of the prohibitory relief sought.
In Hurt v. Naples, 299 So.2d 17, 21 (Fla.1974) citing Ervin v. Collins, 85 So.2d 852, 858 (Fla.1956), our Supreme Court observed:
It is the sovereign right of the people to select their own officers and the rule is against imposing disqualifications to run. The lexicon of democracy condemns all attempts to restrict one’s right to run for office....
In Hurt, an action was brought challenging the eligibility of city councilmen who were subjects of recall election to be candidates in the simultaneous election to fill the remainders of their own terms if recalled. The circuit court held that the candidates were ineligible, and they appealed. Prior to determination of appeal, while the circuit court’s judgment was subject to an appeal stay, the election was held, and the councilmen were recalled, but one of them was elected to succeed himself. This court held that the appeal was moot, and conflict certiorari was granted. The Florida Supreme Court held that the appeal was not moot and that the councilman subject to recall election was nonetheless eligible to be a candidate to fill the remainder of his own term if recalled, in the absence of anything in the city charter to the contrary. We find the same analysis applicable to the instant case and persuasive of the correctness of our opinion here today. If the people could recall and elect the recalled officer to succeed himself, we cannot justify any other decision on the facts herein, where it is the Governor who has initiated a candidate’s suspension from office.
Likewise, in City of Miami Beach v. Richard, 173 So.2d 480 (Fla. 3d DCA 1965), we stated:
To hold one ineligible to run for office where neither the Constitution nor the statute does so in express terms is contrary to every democratic precept.
The court in Hurt also referred to 63 American Jurisprudence 2d, Public Officers and Employees, section 38, concluding:
... the right to hold office is a valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of law.... If this rule permits too much latitude, then the question of eligibility cannot be corrected by the courts, but by the legislature in whom the power is reposed....
Hurt, 299 So.2d at 21.
We find the above cited cases determinative of the instant appeal. Absent a positive command of law rendering a candidate ineligible to run for office under the recited circumstances, we are obligated to affirm the denial of the prohibitory relief sought.
Appellants rely on S & J Transp., Inc. v. Gordon, 176 So.2d 69, 71 (Fla.1965) for the proposition that “where one method or means of exercising a power is prescribed in a constitution, it excludes its exercise in other ways.” Also, appellants refer us to In re Investigation of Circuit Judge of Eleventh Judicial Circuit, 93 So.2d 601, *1081 606 (Fla.1957), wherein the court stated “[t]his court is committed to the doctrine that where the Constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different manner.” We conclude that our decision here is in express compliance with these precepts. Were we to find that Burke was prohibited from running for the commission seat at issue, we would be encroaching on the power of the electorate, as well as that of the Governor, and the legislature.
Appellants point to our constitution, article IV, section 7, in support of their proposition that a suspended official may not run for his office until acquitted. However this provision simply does not expressly state that rule of law. The suspension provision states that the Governor may suspend anyone indicted for a crime until he is acquitted. As Burke himself admits, the Governor will still have that option after Tuesday’s election, should Burke win the election.
Appellants cite to Attorney General Opinion 97-66 (1997) as supporting a common sense approach which would require prohibition of a removed official from serving the remainder of the term that is vacant due to his removal. We agree that the attorney general opinion’s position is appealing both from a common sense and moral standpoint, however it is clearly for the legislature or the people, i.e. voters, to provide the required express prohibition. We note that both the Constitutional Revision Commission and the Florida Legislature are presently in session, and it is there that these critical concerns may properly be addressed.
In sum, the prohibitory relief appellants seek is denied. This opinion, being issued the day before election, is final forthwith, and no motions for rehearing will be entertained.
Affirmed.

. Article IV, section 7, of the Florida Constitution provides:
Suspensions; filling office during suspensions
(a) By executive order stating the grounds and filed with the secretary of state, the governor may suspend from office any state officer not subject to impeachment, any officer of the militia not in the active service of the United States, or any county officer, for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony, and may fill the office by appointment for the period of suspension. The suspended officer may at any time before removal be reinstated by the governor.
(b) The senate may, in proceedings prescribed by law, remove from office or reinstate the suspended official and for such purpose the senate may be convened in special session by its president or by a majority of its membership.
*1080 (c) By order of the governor any elected municipal officer indicted for crime may be suspended from office until acquitted and the office filled by appointment for the period of suspension, not to extend beyond the term, unless these powers are vested elsewhere by law or the municipal charter.