The Honorable D. Ray Harrison, Jr. Gilchrist County Property Appraiser Post Office Box 97 Trenton, Florida 32693-0097
Dear Mr. Harrison:
You ask the following question:
Does an elected county constitutional officer's resignation from his current term of office prevent him from assuming office for the upcoming four-year term beginning on January 2, 2001, to which he has been re-elected?
In sum:
An elected county constitutional officer's resignation from his current term of office does not prevent the officer from assuming office for the upcoming four-year term beginning on January 2, 2001, to which he has been re-elected.
According to your letter, you are the elected property appraiser for Gilchrist County. Your current term ends January 2, 2001. You recently ran unopposed for property appraiser for the upcoming term that begins on January 2, 2001.[1] You state that you entered the state retirement "DROP" program on July 1, 1998, and under the program you will be required to resign from office on or before June 30, 2003. However, you have been advised by the Division of Retirement, Department of Management Services, that you may comply with the DROP program by retiring from the office of property appraiser. You have also been advised by the Division of Retirement that one calendar month after the effective date of your retirement, you may become reemployed in the position of property appraiser.[2]
Your inquiry does not concern the effect of your resignation and intent to assume office for the upcoming term on your retirement benefits or status, rather you ask whether your resignation in November 2000 from your current term of office would prevent you from assuming office when the new term of office begins in January 2001.
I am not aware of, nor have you brought to my attention, any such prohibition. As you note, the Supreme Court of Florida in Colbathv. Adams,[3] in considering a resignation from office of the current term when the officer had been re-elected for a new term beginning in January, stated:
Although the files indicate that Mr. Nance resigned as Public Defender on December 1, 1964, the only term of office which he held at that time was the interim appointment expiring on January 5th, which was the first Tuesday after the first Monday in January, 1965, and which had only about five weeks remaining. We have had no evidence presented to us, nor have we found any, where Mr. Nance resigned the four-year term to which he was elected in November, 1964 and which would have become effective on January 5, 1965 had he appeared and claimed the office. It is significant that for the period of time from the general election in November, 1964 until January 5, 1965 Mr. Nance was entitled to a new commission because of his election for a four-year term beginning January 5, 1965. . . . Thus, his resignation from the only office he held on December 1, 1964 created a vacancy only until January 5, 1965 and that was the only vacancy in office which the Governor was eligible to fill. The commission by the Secretary of State, issued on December 7, 1964 (which on its face expired on the first Tuesday after the first Monday in January, 1969), was valid only until January 5, 1965, and the portion of the written commission which purported to extend the term beyond January 5, 1965 was void.
Thus, the Governor would have the authority to fill the vacancy caused by your resignation for the remainder of your current term.[4] Since you do not intend to resign from the new term beginning on January 2, 2001, no vacancy in that office exists. The courts of this state have held that the eligibility to run for and serve in public office is a valuable right, and no one should be denied this right unless the Constitution or applicable valid law expressly declares him ineligible.[5] For example, in Hurt v.Naples[6] the court held that a city councilman who was subject to recall election was eligible to be a candidate to fill the remainder of his term if recalled, in the absence of anything to the contrary in the city charter. As noted above, there does not appear to be any statutory or constitutional prohibition against your future service as property appraiser caused by the resignation of your current office.
Accordingly, I am of the opinion that an elected county constitutional officer's resignation from his current term of office does not prevent the officer from assuming office for the upcoming four-year term beginning on January 2, 2001, to which he has been re-elected.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Division of Elections Opinion 78-44 (1978) (a candidate without opposition in the general election is not elected for purposes of the Election Code until the date of the general election); and Op. Att'y Gen. Fla. 98-60 (1998) (although a candidate running for city commission may be unopposed, he or she is not considered to be elected until the election has been held and, therefore, is not a member-elect for purposes of the Government in the Sunshine Law until that time). And see, s.100.041(4), Fla. Stat., stating that the term of office of each county officer not otherwise provided by law shall commence on the first Tuesday after the first Monday in January following his or her election.
[2] See, Fla. Admin. C. Rule 60S-4.012(2)(b), which provides:
"Reemployment with an employer during the second through twelfth months after his effective date of retirement shall result in suspension of retirement benefits except as provided in60S-4.012(3). If the retiree is reemployed prior to expiration of the reemployment limitation period stated in (2) above he shall:
1. Notify the Division in writing of such employment and have his benefits suspended effective the first day of the first month of reemployment. This suspension shall remain in effect for the balance of the reemployment limitation period or for every month of the reemployment limitation period in which he is employed, and benefits that would have been paid during the period of suspension are forfeited;
2. Notify the employer in writing that he is receiving retirement benefits from a state-administered retirement system;
3. Upon expiration of the reemployment limitation period or upon termination of employment prior to expiration of the reemployment limitation period, notify the Division in writing that his reemployment limitation period has been completed or that he is no longer employed and desires to have his benefits reinstated. Upon verification by his employer, his retirement benefits will then be reinstated effective the first day of the month following termination of employment or expiration of the reemployment limitation period;
4. If he returns to work again during the reemployment limitation period, notify the Division to suspend his benefits again for any month in which he is employed."
[3] 184 So.2d 883, 884 (Fla. 1966).
[4] See, Art. IV, s. 1(f), Fla. Const. ("[w]hen not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office . . . for the remainder of the term of an elective office if less than twenty-eight months . . ."); s. 114.04, Fla. Stat.
[5] Ervin v. Collins, 85 So.2d 852 (Fla. 1956); Hurt v. Naples,299 So.2d 17 (Fla. 1974); Vieira v. Slaughter, 318 So.2d 490
(Fla. 1st DCA 1975).
[6] 299 So.2d 17, 21 (Fla. 1974). Cf. Hamidullah v. Burke, WL 99314, 23 Fla. Law Weekly 675 (Fla. 3d DCA 1998), in which the Third District held that a former county commissioner, who had been suspended by Governor following indictment on federal public corruption charges and had resigned, was not prohibited from running for former seat during term for which he had been suspended (but note that the Burke opinion has not been released for publication in the permanent law reports and is, therefore, subject to revision or withdrawal).