Dear Mr. Pizza:
You advise that you serve as legal counsel to the Board of Commissioners of the St. Tammany Parish Development District [hereafter, the STPDD board], and that on behalf of the STPDD board, you seek the opinion of this office regarding the legality of certain appointments made to the board. We below restate and respond in order to those several questions presented in your letter.
 I. Whether a Justice of the Peace is an elected official for purposes of R.S. 33:130.402(D) or if, because of his judicial position, he is not considered to be an elected official, so that he may serve on the Board of Commissioners of the St. Tammany Parish Development District.
R.S. 33:130.402(D) states that "elected officials are prohibited from serving on the board of commissioners." State law considers a justice of the peace to hold elective office, a status unaltered by his performance of judicial functions. R.S. 13:2581 mandates that a justice of the peace be elected to office.[1] R.S. *Page 2 
13:2582(B) further provides that a justice of the peace "shall be elected at the congressional election for terms of six years by the qualified voters within the territorial limits of their jurisdiction." The dual officeholding statutes[2] would also consider a justice of the peace to hold "elective office", which is defined as "any position which is established or authorized by the constitution or laws of this state. . . . which is filled by vote of the citizens of this state or of a political subdivision thereof." See R.S. 42:62(1).
Under these statutes, we would conclude that a justice of the peace is an elected official. Therefore, this office is of the opinion that as an elected official, a justice of the peace is prohibited by R.S.33:130.402(D) from appointment to the STPDD board.
 II. Whether, after a member of the Board of Commissioners of the St. Tammany Parish Development has been appointed by one appointing agency or group for one term and then appointed again for one term and has, therefore, served for two successive terms, can the same member be appointed for another term by a different appointing group or agency without violating R.S. 33:130.402(B).
R.S. 33:130.402(B) states that "no member of the board of commissioners shall be appointed to serve for more than two successive terms". At issue here is whether this language excludes a STPDD member, who has already served two successive terms, from reappointment to the STPDD board.
Interpreting a similar statute governing the board of commissioners of the Capital-Area Groundwater Conservation District, this office concluded in Opinion 80-1033(A):
 The obvious policy behind the restriction against reappointment beyond `two consecutive terms' is to require an input from a new person as representative of the particular appointing constituency. Had it been intended, however, to preclude such a commissioner who had served two terms from ever serving again, the Legislators would have, as it could have easily done, omitted the word `consecutive' in [the statute].
 We affirm our opinion that a commissioner who has served `two consecutive terms' may not be appointed to represent either the same group of users or a different group of users for a term which begins or had begun immediately following expiration of the last of his two consecutive terms. *Page 3 
 He could, however, be appointed to succeed another commissioner for any group of uses whose term had expired subsequently to his term. (Emphasis added).
Applying the reasoning of Opinion 80-1033A to this matter, we conclude R.S. 33:130.402(B) makes a member of the STPDD board, who has served two consecutive terms, ineligible for reappointment to the STPDD board by the same official or group. However, such STPDD board member is not prohibited by R.S. 33:130.402(B) from reappointment by a different official or group where he is appointed to succeed a member whose term has expired subsequently to, but not immediately following, his last of two consecutive terms.
 III. Whether, if an individual fills a vacancy in accordance with La.R.S. 33:130.402(A)(2), can the appointing agency or group appoint the same person for two successive terms since the member did not serve a full term when he or she filled the vacancy and completed the term of another appointment.
There is a presumption in favor of eligibility of one who has been elected or appointed to public office, and any doubt should be resolved in favor of a person's eligibility to hold office. Oliver vs. City ofShreveport, 169. So.2d 1 (La.App. 2d. Cir. 1964). Along these lines, the courts in other states have held that an appointment to fill a vacancy of an unexpired term does not constitute the appointee's term in office. See Vieira vs. Slaughter, 318 So.2d 490 (Fla.App. 1975);Schardein vs. Harrison, 18 S.W.2d 316 (Ky.App. 1929).
In Opinion 86-180, an opinion interpreting a statute limiting a member's service to two consecutive terms on a board (the statute governed the Louisiana Board for Hearing Aid Dealers), this office concluded that the phrase "consecutive terms of office" referred to two consecutive full terms. There, this office stated:
 The term of office referred to in the above statute refers to a full term. An appointee to fill a vacancy in the office is not serving his full term in office, but is serving the previous office holder's term of office.
 It is the opinion of this office that an appointment to fill a vacancy does not constitute a term of office. It is only when the appointee serves from the entire term that it is considered his term of office.
 Therefore, an individual appointed to complete an unexpired term, and later appointed to a full term, may be eligible for reappointment for another term.
(Emphasis added). *Page 4 
Opinion 93-23, interpreting a similar statute governing the board members for the Bossier Council on Aging, affirmed the legal reasoning expressed in Opinion 86-180, concluding that an individual appointed to complete an unexpired term and later appointed to a full term may be eligible for reappointment for another term. We continue to adhere to those conclusions drawn in Opinions 93-23 and 86-180, and find this reasoning is applicable to an appointee to the STPDD board.
 IV. Whether an appointing agency or group can appoint a member for two terms for a total of two years in one resolution.
R.S. 33:130.402(A) provides for the appointment of the membership of the board of commissioners of the St. Tammany Parish Development District and states:
 A. (1) The district shall be governed by a board of commissioners consisting of fifteen members selected as set out herein. All members shall be qualified voters and taxpayers within the limits of the district during their term of office. The members of the board of commissioners shall be appointed and serve terms of office as follows:
 (a) One member shall be appointed by the president of St. Tammany Parish and shall serve a one-year term.
 (b) Two members shall be appointed by the Municipal Association in St. Tammany Parish and shall serve one-year terms.
 (c) One member shall be appointed by the Greater Slidell Area Chamber of Commerce and shall serve a one-year term.
 (d) One member shall be appointed by the St. Tammany West Chamber of Commerce and shall serve a one-year term.
 (e) Two members shall be appointed by the council of St. Tammany Parish and each shall serve a one-year term.
 (f) Six members shall be appointed by the St. Tammany Economic Development Foundation. The initial appointments shall be made for staggered terms as specified herein and at the termination of these initial terms of office, the term of office shall be for three years. Initial terms shall be as follows:
 (i) Two members shall be appointed for one year, as designated by the foundation. *Page 5 
 (ii) Two members shall be appointed for two years, as designated by the foundation.
 (iii) Two members shall be appointed for three years, as designated by the foundation.
 (g) One member shall be the St. Tammany chief administrative officer.
 (h) One member shall be the executive director of the St. Tammany Economic Development Foundation.
 (2) Any vacancy which occurs prior to the expiration of the term for which a member of the board of commissioners has been appointed shall be filled in the same manner as the original appointment for the unexpired term.
The structure of the statute reflects that a member shall be appointed and serve a term of office which expires at a defined point in time. Any vacancy is required to be filled in the same manner as the original appointment. The statute does not permit those with appointing authority to appoint members to successive terms within one resolution, but rather for only one term at a time. See also Opinion 87-407, expressing a similar conclusion.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 13:2581 states:
 Election of justices of the peace; return; commissions; term
 Justices of the peace shall be elected as provided by law. The election returns from each ward shall be made according to law and the governor shall issue commissions to the persons elected. Justices of the peace shall enter upon the discharge of their duties as soon as they have been commissioned and taken the oath required by the Constitution, and shall remain in office until their successors have been elected and qualified.
[2] R.S. 42:61, et seq., is the Louisiana Dual Officeholding and Dual Employment Law.