KANNER, Judge.
As the result of a proceeding instituted by the plaintiffs, recently appointed county Democratic committee members, the chancellor entered an order specifically finding that plaintiffs were not “candidates” for office and so were not required to take the party loyalty oath prescribed for “candidates” for party office under section 99.021, Florida Statutes, F.S.A. The defendant chairman of that committee has brought this appeal, in which the Attorney General of Florida appears as amicus curiae.
This controversy arose from undisputed factual circumstances wherein the chairman of the Palm Beach County Democratic Executive Committee, subsequent to appointment of the plaintiffs to fill certain vacancies on the committee pursuant to provisions of section 103.111(3), F.S.A., refused to recognize them as members because of their failure to take and execute the candidate’s party loyalty oath. In instituting the proceeding, plaintiffs’ objective was to have the court hold that, being appointees, they did not have to take the oath.
In ruling for the plaintiffs, the chancellor found that, while it may appear inconsistent for our statute to make a certain requirement of candidates for election to party office and omit that requirement as to *913 one selected to fill a vacancy in a party executive committee, such matters must be left to the legislature, the court’s function being to interpret the statute rather than to reform or supply omissions in it.
It is the contention of the defendant that the court’s limiting of the application of the candidate’s oath contained in section 99.021 is inconsistent with the obvious intent of the legislature to provide a method of assuring that only those persons fulfilling certain statutory qualifications may be eligible to hold office. Stating that a literal interpretation should not be given to a statute leading to an unreasonable or ridiculous conclusion or to a result not designed by the legislature, defendant argues that no distinction should be made between appointees to office and candidates for nomination to office and concludes that it is within the power of the court to give full effect to the legislature’s intent that, through the oath, political party unity be preserved.
The general tenor of the plaintiffs’ position is that a court cannot legislate and cannot, by interpretation, add to a statute something which it does not contain. Plaintiffs maintain that a vacancy on the county committee should be filled according to the law as set forth in section 103.111(3) and not by also requiring an oath prescribed for candidates in section 99.021.
Section 103.111(3) provides that a vacancy on a county executive committee shall, from among members of the party residing in the precinct where the vacancy occurs, be filled by a majority vote of the committee members attending.
Section 99.011, Florida Statutes, P.S.A., defines the word, “candidate”, to mean “any person who has announced to any person, or to the public, that he is a candidate for a certain office.” Section 99.021 requires that every candidate for nomination to any office shall be required to swear to or affirm certain enumerated things. The form of oath is prescribed for candidates for nomination in a primary election and a form of oath is prescribed for candidates for election to the party offices of members of political party executive committees.
A county executive committee is purely a creature of statute, and all its functions and powers are derived thereby. Nothing is said at all about appointees in section 99.021 or in any other part of chapter 99 relating to candidates; neither is there any mention of a requirement for taking a party loyalty oath contained within section 103.111(3) nor any other provision of chapter 103 relating to executive committees, an altogether separate enactment by virtue of which the plaintiffs acceded to membership on the Palm Beach County Democratic Executive Committee.
In statutory construction legislative intent must be ascertained and must govern. However, where the language is plain, definite in meaning and without ambiguity, it needs no interpretation or construction and itself fixes the legislative intent. Determination of legislative intent must be primarily from the language of the statute itself and not from conjecture. When the language of an act is clear and unambiguous it is not within the province of the court to sit in judgment upon the wisdom of the legislative policy embodied in it nor to assume that the legislature meant something which does not appear upon the face of the statute. Voorhees v. City of Miami, 1940, 145 Fla. 402, 199 So. 313; Taylor v. State, 1934, 117 Fla. 706, 158 So. 437; Armistead v. State, Fla.1949, 41 So.2d 879; State ex rel. Grodin v. Barns, 1935, 119 Fla. 405, 161 So. 568, 573; Foley v. State, Fla.1951, 50 So.2d 179; and 50 Am.Jur. Statutes, sections 379 and 380, pp. 391-393.
We recognize the earnestness of the defendant and the attorney general in seeking an adjudication which they urge would help *914 insure party loyalty and party unity. However, we agree with the chancellor that the statutory language involved is clear and definite in its meaning. What the statute should contain in order to supply the omission assumed by the defendant to exist is not for us to say but falls within the functional periphery of the legislature. The ruling of the chancellor is accordingly affirmed.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.