QUESTION: Is a county official entitled to additional compensation based on the increase in the cost-of-living index for the fiscal year ending June 30, as provided by s. 145.18(1), F.S., when his salary for the fiscal year 1974-1975 is subject to the 20 percent limitation on salary increases prescribed by s. 145.18(2), F.S.?
SUMMARY: A county official whose salary for fiscal year 1974-1975 is subject to the 20 percent limitation on salary increases prescribed by s. 145.18(2), F.S., is not entitled to additional compensation based on the cost-of-living index factor certified by the Department of Administration under the provisions of s. 145.18(1), id. In 1973 (Ch. 73-173, Laws of Florida, Ch. 145, F. S.), the legislature adopted a salary schedule under which the compensation of a particular county office will vary from year to year, depending upon the population increase (or decrease) in the county. This it did by establishing a "base salary" for a particular county office in each of seven population brackets or "groups," plus a "population increment" to reflect the actual population of the county over the minimum of a particular population group. The population of the county is determined annually by the Department of Administration in accordance with s. 23.019, F.S., see s. 145.021; and the population increment for a particular office is determined each year by multiplying the population in excess of the group minimum times the group rate for that office, which is also prescribed by the 1973 act for each office in each population group. The 1973 act provided also for an annual adjustment to reflect any increase (or decrease) in the U.S.Department of Labor's cost-ofliving consumer price index over the preceding fiscal year ending June 30. This provision of the statute, s. 145.18(1), F.S., provides that, commencing October 1, 1974, "the salaries herein provided shall be annually adjusted, whether the adjustment results in an increase or decrease of the salary," (Emphasis supplied.) by the cost-of-living index factor, which is certified to each county by the Department of Administration not later than September 1 of each year. Section 145.18(1), supra, provides further that . . . the county shall adjust the salaries as of October 1 of each year. The adjusted salary rate shall be the product, rounded to the nearest dollar of the salary rate, granted by the appropriate section of this act, multiplied by the factor certified by the department of administration. (Emphasis supplied.) It can thus be seen that the provision in question, by its very terms, applies to the salary rates fixed or "granted" by the appropriate section of the 1973 act — base rate plus population increment — for a particular office in any given year; and, with some exceptions — as where a literal interpretation of a statute would lead to an unreasonable or absurd result, plainly at variance with the purpose of the legislation as a whole, Radio Tel. Communication, Inc. v. Southeastern Tel. Co., 170 So.2d 577 (Fla. 1964) — it is a general rule of statutory construction that, where the language of a statute is plain and unambiguous, it needs no construction and itself fixes the legislative intent. Platt v. Lanier,127 So.2d 912 (2 D.C.A. Fla., 1961); Phil's Yellow Taxi Co. v. Carter,134 So.2d 230 (Fla. 1961). The legislative intent, under the plain and unambiguous language of the act, was to provide "builtin" adjustments to the base salary rates fixed by the act to reflect increases or decreases in population in a particular county and in the cost-of-living consumer price index, presumably for the purpose of avoiding the necessity of amending the county officials' salary act each year to take such changes into account. The express terms of the act not only compel the foregoing conclusion, they preclude a finding of legislative intent to apply the cost-of-living consumer price index factor to the compensation to which you and other county officials similarly situated will be entitled under s. 145.18(2), F.S. This is so because s. 145.18(2) is not a fixing or granting of compensation to a county official but a limitation thereon. It provides that "in no event shall any person receive an increase in salary in any one fiscal year in excess of 20 percent of his total compensation for the preceding fiscal year ending June 30." This limitation upon salary increases reflects the policy of the legislature to "prevent any pay raises in excess of 20 percent of the current compensation (salaries plus authorized supplements) received by a county official" — including the first year (1973-1974) under the new salary schedule fixed by the 1973 act. Attorney General Opinion 073-330A. As noted therein, this conclusion as to legislative intent was compelled by the recorded debates on the floor of the House of Representatives concerning the quoted provision of s. 145.18(2), supra, and by a memorandum prepared by the staff of the Chairman of the Senate Committee on Ways and Means and the Chairman of the House Committee on Finance and Taxation, summarizing the 1973 county officials' salary act. This same memorandum summarizes the legislative intent with respect to the population and cost-of-living salary adjustments as follows: Beginning October 1, 1974, total computed salaries are to be adjusted upward (or downward) in two ways: 1. The population figure for each county will be the latest population estimate published by the Department of Administration . . . . 2. The total computed salary (based on the latest population figures) will be further adjusted upward (or downward) in accordance with the percentage change in the Consumer Price Index for the fiscal year ending June 30, 1973. . . . Discussions with several members of the staff of the house and senate committees who actively participated in the drafting of or in conferences concerning the 1973 act confirm the legislative intent as expressed in the staff memorandum, quoted above. While I can sympathize with and understand the position of county officials who are subject to the 20 percent limitation on salary increases and who feel that the cost-of-living factor (which, this year, will apparently show a sizeable increase over fiscal year 1973- 1974), should be added to their compensation, I am unable to so conclude, for the reasons stated above. Accordingly, your question must be answered in the negative.