Barry Kutun Representative 99th District Miami Beach
QUESTION:
Does H.B. 2079 permit a manufacturer to appoint a distributor for a brand or label which another distributor now carries, thereby creating what is commonly referred to as `dual' distributors for a particular brand or label?
SUMMARY:
Pending judicial interpretation or legislative clarification, in my opinion H.B. 2079 fixes those distributors existing on July 1, 1978 as the recognized distributors of labels and brands of spirituous and vinous beverages and that `other distributors' or additional distributors of such labels may be allowed only if the division first approves the withdrawal of the label from existing distributors.
The pertinent part of H.B. 2079 (now Ch. 78-135, Laws of Florida, Codified as ss. 564.045(5) and 565.095(5), F. S. [1978 Supp.]) reads as follows:
 All distributors carrying a particular brand or label of spirituous or vinous beverages as of the effective date of this act, shall be deemed to be the distributors for the manufacturers of such brands or labels. No other distributors may be appointed by any manufacturer or representative of a manufacturer to carry the brands or labels already distributed on the effective date of this act unless the Division first approves the withdrawal from the existing distributor pursuant to this act. (Emphasis supplied.)
The statute in clear terms states that all distributors carrying a particular brand or label as of the effective date of the act (July 1, 1978) shall be deemed to be the distributors for such brands or labels. The language used is unmistakably mandatory in nature, in effect defining as distributors for particular brands or labels only those who are carrying those brands or labels on the effective date of the act.
The sentence which follows is also equally clear in meaning. It states that `no other distributors may be appointed . . . to carry the brands or labels already distributed on the effective date of this Act unless the Division first approves the withdrawal fromthe existing distributor pursuant to this Act.' (Emphasis supplied.) Since the term `distributor' is clearly defined in the preceding sentence to mean only those carrying the particular brands or labels on the effective date of the act, the Legislature in unmistakable terms states that `no other distributor may be appointed' unless a withdrawal from an existing distributor is approved by the division. The effect of this statute is apparent in that it precludes a manufacturer from naming a second or `dual' distributor unless a withdrawal from an existing distributor recognized as such on the effective date of the act has been approved by the Division of Alcoholic Beverages and Tobacco.
It is well established in Florida that the fundamental rule of construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute. Burr v. Florida East Coast Railway Co., 81 So. 464 (Fla. 1919); State v. Burr,84 So. 61 (Fla. 1920); Heriot v. City of Pensacola, 146 So. 654 (Fla. 1934). In Platt v. Lanier, 127 So.2d 912 (2 D.C.A. Fla., 1961) the court stated that legislative intent must be ascertained and must govern in construing a statute and where language is plain and unambiguous, it needs no construction and in that case the statute itself fixes legislative intent.
And in Ross v. Gore, 48 So.2d 412 (Fla. 1950), the court observed at 415.
 Where language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction; and the statute must be given its plain and obvious meaning.
Since the statute is presumptively constitutional until found to be otherwise by the courts and challenges to the constitutionality of acts of the Legislature are for the courts alone to determine, administrative agencies cannot be empowered or authorized to make such a determination. See Adams Packing Association, Inc. v. Florida Department of Citrus, 352 So.2d 569 (2 D.C.A. Fla., 1977). Therefore, agencies are bound by the unmistakable terms of a statute, in the absence of a judicial ruling to the contrary. I am aware that the Division of Alcoholic Beverages and Tobacco may have reached in part a contrary conclusion and that the issue may have to be litigated to be resolved.
Prepared by: Staff