COPE, J.
(specially concurring).
I agree on the result but cannot join the majority opinion. Respectfully, the majority opinion’s statutory analysis is incorrect, and contravenes well-settled Florida precedent.
I.
In this case the plaintiffs (“Candidates”) ran for election to the position of Committeeman or Committeewoman on the Miami-Dade County Republican Executive Committee. The deadline for filing their qualifying papers was noon, June 20, 2008 (“the Filing Deadline”). They timely filed their qualifying papers, and were placed on the ballot.
Unbeknownst to the Candidates, the Republican Party of Florida had promulgated a rule that an additional document — the Party Loyalty Oath' — had to be completed and filed with the local party chair by the Filing Deadline, failing which the candidate — even if elected — would not be seated.
Because the Candidates in this case did not know about this additional requirement, they failed to file the Party Loyalty Oath with the Miami-Dade County party chair by the Filing Deadline. Although these Candidates won their elections, the Republican Party of Miami-Dade County refused to seat them.
The trial court entered a temporary injunction directing the Republican Party of Miami-Dade County to install the Candidates as members of the Miami-Dade County Republican Executive Committee. Judge Genden reasoned that the Republican Party’s actions violated the Florida Election Code.[12] The Republican Party of *1121 Miami-Dade County and the Republican Party of Florida (collectively, the “Party”) have appealed.
The majority opinion holds that it was permissible for the Party to impose a special filing deadline for the Party Loyalty Oath and to refuse to. install any newly elected candidate who failed to comply (“the Additional Candidate Condition”). The majority upholds the injunction, however, on the ground that the Party failed to give proper notice of this Additional Candidate Condition, thus depriving the Candidates of due process of law, and failed to take action to remove the Candidates from the ballot.
While the majority opinion is correct about the due process issue, it is incorrect in saying that the Additional Candidate Condition is permissible under the Florida Election Code. The majority opinion misreads the Code and fails to apply binding precedent.
II.
The principles applicable to this case all run in favor of the Candidates. Each citizen has a fundamental right to run for elective office. “The lexicon of democracy condemns all attempts to restrict one’s right to run for office.” Ervin v. Collins, 85 So.2d 852, 858 (Fla.1956).
“Fundamental to our system of government is the principle that the right to be a candidate for public office is a valuable one and no one should be denied this right unless the Constitution or an applicable valid law expressly declares him to be ineligible.” Treiman v. Malmquist, 342 So.2d 972, 975 (Fla.1977); Vieira v. Slaughter, 318 So.2d 490, 491 (Fla. 1st DCA 1975).
“Discouragement of candidacy for public office should be frowned upon in the absence of expressed statutory disqualification. The people should have available opportunity to select their public officer from a multiple choice of candidates. Widening the field of candidates is the rule, not the exception, in Florida.” Hurt v. Naples, 299 So.2d 17, 21 (Fla.1974); Treiman, 342 So.2d at 975.
“If there be doubt or ambiguity in the [applicable] provisions, the doubt or ambiguity must be resolved in favor of eligibility.” Vieira, 318 So.2d at 492; City of Miami Beach v. Richard, 173 So.2d 480, 482 (Fla. 3d DCA 1965).
III.
With the above principles in mind, let us turn to the applicable statutes. The statutory framework for the major political parties is found in section 103.091, Florida Statutes (2008), which states:
103.091 Political parties.—
(1) ... A political party may provide for the selection of its national committee and its state and county executive committees in such manner as it deems proper....
[[Image here]]
(4) Any political party other than a minor political party may by rule provide for the membership of its state or county executive committee to be elected for 4-year terms at the primary election in each year a presidential election is held.
(Emphasis added).
The Republican Party of Florida voluntarily chose to participate in the Florida election process in order to choose state and county executive committee members. Once it made that decision, the Party must follow the Election Code just like everyone else.
*1122 IV.
Under the Election Code, candidates— including candidates for party office — must file their qualifying papers with the supervisor of elections during the qualifying period. § 103.091(4), Fla. Stat. (2008).
One of the qualifying papers that a candidate must file is a candidate oath. § 99.021, Fla. Stat. (2008). We know that the statutory oath applies to political party candidates because the statute says so. The statutory oath “shall apply with equal force and effect to, and shall be the oath required of, a candidate for election to a political party executive committee office, as provided by law. The requirements set forth in this section shall also apply to any person filling a vacancy on a political party executive committee.” § 99.021(2), Fla. Stat. (2008). Thus, the statutory oath must be completed not only by a candidate who qualifies for election, but must also be completed by someone who is chosen by the county executive committee to fill a vacancy. Id.; § 103.091(5). The statute spells out the content of the candidate oath. Id. § 99.021U).[13]
The Candidates in this case executed the required oaths. No one contends otherwise. The Party concedes that the Candidates’ names were properly placed on the primary election ballot. The Party makes no claim that the Candidates’ filing papers were defective, and makes no claim that the Candidates should have been excluded from the ballot.
V.
Next to be considered is what the Party did, and why it runs afoul of the Election Code.
The Party promulgated its own Party Loyalty Oath. This oath imposes obligations going beyond the statutory oath discussed in the preceding section. A signer of the Party Loyalty Oath promises (with some exceptions) to refrain from supporting the election of any candidate other than the Republican candidate, and promises to refrain from activities which may injure the name of, or interfere with the activities of, the Republican Party.[14]
In this case the Candidates have no objection to the oath. Indeed, as soon as the Candidates were informed that the Party wanted them to sign the oath, they did so. No one in this case challenges the text of the oath, or challenges the right of the Party to require members of the executive committee to sign the oath.
But the Party went too far. The exact problem is that the Party required candidates to file this Party Loyalty Oath with the county chair by the Filing Deadline. According to the memo, a candidate failing *1123 to comply with this requirement would not be seated on the executive committee— even if that candidate won the election. The memorandum states in part:
2. ... [A]nyone running for State, District or Precinct Committeeperson must file the party loyalty oath no later than noon on Friday, June 20, 2008 in order to be considered properly qualified under party rules to seek or hold such office.
[[Image here]]
7. It is solely within the party’s discretion and authority to determine whether a person has met The Republican Party of Florida’s requirements to hold party office. Therefore, any person who fails to provide the county [Republican Executive Committee] Chairman a properly executed party loyalty oath by noon on Friday, June 20, 2008 shall be ineligible to hold party office resulting from elections conducted on August 26, 2008.
In substance the Party required all candidates for executive committee positions to execute this additional Party Loyalty Oath as a condition of running for office. As a matter of form, the Party required the extra oath to be filed with the local committee chairperson, not with the supervisor of elections. But as a matter of substance, the Party reserved to itself the right to nullify the election of successful candidates if the candidates had not filed this extra oath by the Filing Deadline. This the Party cannot do.
Florida law expressly spells out the oath which is to be taken by candidates for the position of committeeman or committeewoman. § 99.021. There is no authority in section 99.021 for the Party to add another oath which operates as an additional de facto condition for election to office.
The majority opinion maintains that such authority exists in subsection 103.091(1), Florida Statutes, which states in part, “A political party may provide for the selection of its national committee and its state and county executive committees in such manner as it deems proper.” Id. § 103.091(1). The majority opinion is mistaken. The majority opinion takes this one sentence out of context.
Later in section 103.091(4), the statute gives a political party the option “by rule [to] provide for the membership of its state or county executive committee to be elected ... at the primary election.... ” Id. § 103.091(4). Once the Party voluntarily decides to participate in the election process, the Party must follow the Election Code. The Election Code spells out the oath which is to be taken. Id. § 99.021. Neither section 99.021 nor section 103.091 authorizes the Party to require an additional oath which, as implemented by the Party, amounts de facto to an additional requirement to qualify for election to office.
VI.
In 1983, the Florida Attorney General issued an opinion which, although not binding on us, is persuasive. Op. Att’y Gen. Fla. 83-74 (1983). The Florida Democratic Party asked the Attorney General whether it could “require an oath of party loyalty on the part of a candidate for party nomination for election to public office as a prerequisite to qualification by said candidate for such nomination and election?” Id. at 199. The proposed loyalty oath was similar to the Republican Party oath now before us.[15]
The Attorney General’s answer was no: the party could not impose this additional *1124 requirement on qualifying for office. The Attorney General explained that section 99.021, Florida Statutes, sets forth the required oath. The Attorney General said:
Section 99.021, F.S., does not provide for or authorize the proposed party loyalty oath which is described above. Our office ... cannot legislate, and cannot by interpretation add something to s 99.021 which it does not contain. See, Platt v. Lanier, [127 So.2d 912 (Fla. 2d DCA 1961).] While such a loyalty oath might well further the goals of party loyalty, it is up to the Legislature to add authorization for such an oath to the statute, and it is not within the power of our office to do so.
It is fundamental to our system of government that the right to be a candidate for public office is a valuable one and no one shall be denied the right unless the State Constitution or an applicable valid law expressly declares him to be ineligible. Treiman v. Malmquist, 342 So.2d 972 (Fla.1977); see also, Hurt v. Naples, 299 So.2d 17 (Fla.1974) (holding that denial of candidacy should be based on an express legislative provision for ineligibility and further that ineligibility for office cannot be judicially prescribed by implication).
Id. at 201-02 (footnotes omitted; emphasis added). The Attorney General’s opinion is on point and entirely correct.
The majority opinion gives short shrift to the 1988 Attorney General’s opinion, saying that it was “limited to candidates for ‘public office,’ ” and that “political party executive committee members ‘are not considered to hold public office’.... ” Majority opinion at 1117. It is true that a 1980 Attorney General’s opinion ruled that for purposes of Florida’s career service statute, a member of a party executive committee is considered to occupy a political office, but not a public office. Op. Att’y Gen. Fla. 80-35 (1980).
But the majority cannot avoid the 1983 Attorney General opinion so easily. That is so because the text of the 1983 opinion addresses political party executive committees. The Attorney General said that ⅛ was appropriate to issue the 1983 opinion because the question “deals with a requirement made of candidates for nomination or election to public office, as well as candidates for election to a political party executive committee as provided by law.” Id. at 200 (emphasis added).
The 1983 Attorney General’s opinion cited Platt v. Lanier, 127 So.2d 912 (Fla. 2d DCA 1961), which is also on point. In that case Lanier and several other individuals were appointed to fill vacancies on the Palm Beach County Democratic Executive Committee. They failed to execute the statutory oath of section 99.021, Florida Statutes. In 1961, section 99.021 applied to candidates for election on a county executive committee, but did not state that persons appointed to fill a vacancy had to execute the same oath.[16] The Second District held that “[a] county executive committee is purely a creature of statute, and all its functions and powers are derived thereby.” Id. at 913. Because the then-existing version of section 99.021 applied only to candidates, the county executive *1125 committee had no authority to require appointees to execute the statutory oath. That logic is applicable to the present case. The Party cannot impose nonstatutory election conditions on candidates for the Party’s executive committee.
VII.
Once it is acknowledged, as the majority opinion does, that “citizens have a fundamental right to run for public elective office,” majority opinion at 1118, it follows that this fundamental right applies to elections for a political party’s executive committee. That is so because both the Republican and Democratic Parties have chosen the public elective process as the means to elect their respective executive committees.
What is at stake is the fundamental right of individuals to offer themselves as candidates for elective positions — including political party positions' — -and the equally fundamental right of party members to vote for the candidates of their choice. As explained earlier in this opinion, well-settled Florida precedent forbids the Party from imposing additional, nonstatutory requirements as a condition of running for elected office. The principles set forth in the Florida Supreme Court’s election cases are exactly on point, and the Platt decision, cited above, is a decision directly applicable to political parties. Platt, 127 So.2d at 913.
The majority opinion takes a position never argued by the Party when the majority opinion states, “If a candidate fails or refuses to deliver the oath to the Party before the qualification deadline, there is still time to have the prospective candidate’s name stricken from the ballot so that the voters can choose among qualified candidates.” Majority op. at 1118 n. 7. The June 12, 2008 memorandum issued by the Republican Party of Florida did not take the position that a candidate could be stricken from the ballot if the candidate failed to file the Party’s oath by the qualifying deadline. Although it may be a distinction without a difference, the Party’s position was that “any person who fails to provide the County [Republican Executive Committee] Chairman a properly executed Party Loyalty Oath by noon on Friday, June 20, 2008 shall be ineligible to hold Party office resulting from elections conducted on August 26, 2008.” The Party’s approach was to allow the Candidates’ names to remain on the ballot, but refuse to install the successful Candidates as members of the executive committee.
The majority opinion states that “[p]olitical parties have a constitutional right ‘not to associate’ with those who do not share their platforms or rules.... ” Majority op. at 1118 (footnote omitted). This is a red herring. The Candidates have already executed the oath, thereby agreeing with their Party’s position.[17]
VIII.
In summary, the Republican Party of Florida promulgated a Party Loyalty Oath and required candidates for county executive committees to file the oath with the local party chair by noon, June 20, 2008, *1126 failing which they would not be seated even if elected. The Candidates completed the oath after the deadline, but the Party refused to install them as executive committee members.
Candidates have the right to offer themselves for political party office, and individual Party members have the right to vote for the candidates of their choice. The rule establishing the Additional Candidate Condition operates as an additional unauthorized condition on candidacy, and violates the Florida Election Code. The trial court correctly entered the injunction.
For the stated reasons, I concur in affirming the temporary injunction.

. The Florida Election Code consists of chapters 97-106, Florida Statutes. § 97.011, Fla. StaL. (2008).

. The statute has been implemented by the Division of Elections on form DS-DE24D. This is a three-part form which contains the Oath of Candidate and Statement of Party under section 99.021 and (not relevant here) the Loyalty Oath required by sections 876.05-.10, Florida Statutes (2008).

. The Party Loyalty Oath states in its entirety:
I,_, hereby swear and affirm that during my term of office I will not actively, publicly, or financially support the election of any candidate other than the Republican candidate in a partisan unitary, general or special election, or a Registered Republican in non-partisan elections, other than Judicial races governed under Florida Statute 105, if there is a registered Republican running for the same office, unless the county executive committee has taken an affirmative vote to endorse one Republican over another per Rule 8(B). I further swear and affirm that I will not engage in activities or conduct that may be deemed by the Grievance Committee and affirmed by the RPOF Chairman as likely to injure the name of the Republican Party or interfere with the activities of the Republican Party.

. The proposed loyalty oath said:
I,_, having been duly sworn, say that I am a member of the Democratic *1124 Party; that I am a qualified elector of County, Florida; that during my term of office, I will not support the election of the opponent of any Democratic nominee nor will I oppose the election of any Democratic nominee; that I am qualified under the Constitution and Laws of the State of Florida and the charter and Bylaws of the Florida Democratic Party to hold the office I am seeking, or to which I have been elected; that I have not violated any of the laws of the State of Florida relating to elections or the Charter and Bylaws of the Florida Democratic Party, (e.s.)

. The statute was subsequently amended to include appointees. See § 99.021(2), Fla. Slat. (2008); supra pt. IV.

. The majority opinion suggests that enforcement of the Election Code would interfere with the Party’s rights of association. For that proposition the majority opinion cites two First Amendment association cases, Cal. Democratic Party v. Jones, 530 U.S. 567, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000), and Democratic Party v. Wisconsin ex rel. La Follette, 450 U.S. 107, 101 S.Ct. 1010, 67 L.Ed.2d 82 (1981). In those cases, the Court found a violation of First Amendment associational rights where California’s “blanket” primary, and Wisconsin’s “open” primary, allowed nonparty members to cast binding votes for the Party's nominees. California Democratic Party, 530 U.S. at 569, 586, 120 S.Ct. 2402; La Follette, 450 U.S. at 126, 101 S.Ct. 1010.
*1126 No such issue is presented in the case now before us. Florida's primary is a "closed” primary in which only party members can vote. The Candidates executed the statutory oath swearing that they were members of the Party.